JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Harold Cameron ("Cameron"), appeals from his conviction in the Cuyahoga County Court of Common Pleas for possession of drugs in violation of R.C. 2925.11. For the reasons stated below, we affirm.
 {¶ 2} In February 2004, Cameron was indicted on one count of possession of drugs in violation of R.C. 2925.11, to-wit: cocaine, a schedule II drug in an amount less than five grams. Cameron ultimately entered a plea of no contest to the charge. At the plea hearing, counsel for Cameron stated that Cameron was not disputing the fact that he had a crack pipe containing residue in his possession.
 {¶ 3} The prosecutor put the facts of the case on the record. On February 14, 2004, officers observed Cameron walk into the doorway of an abandoned apartment building, retrieve an object that was wrapped in a napkin, place the object into his mouth, and light the object. The officers continued to observe Cameron step out of the doorway, walk back in, and light the object again. When the officers approached Cameron and asked what he was lighting, Cameron indicated the object was a crack pipe. The officers retrieved the pipe, which was warm to the touch. The pipe tested positive for cocaine residue.
 {¶ 4} At the hearing, defense counsel raised the issue of whether Cameron was properly charged with possession of drugs, rather than paraphernalia. Defense counsel also asserted Cameron's position that there was nothing in the pipe that could be smoked.
 {¶ 5} Following the plea of no contest and the recitation of facts, the trial court found Cameron guilty of possession of drugs, a fifth degree felony. Cameron has appealed his conviction, raising two assignments of error for our review, which provide:
 {¶ 6} "I: The trial court erred when it found appellant guilty on his plea of no contest where there was no evidence presented to indicate that appellant knowingly possessed cocaine."
 {¶ 7} "II: The trial court erred in finding appellant guilty of possession of drugs where possession of drug paraphernalia is the appropriate charge."
 {¶ 8} In State v. Bird, 81 Ohio St.3d 582, 584, 1998-Ohio-606, the Supreme Court of Ohio held that upon receipt of a no-contest plea, a trial court must find a defendant guilty of the charged offense if the indictment alleges sufficient facts to state a felony offense. The court also recognized that under Crim.R. 11(B)(2), a no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Bird, 81 Ohio St.3d at 584. Therefore, the state has to allege only sufficient facts to charge a violation of an offense for a defendant to be found guilty upon entering a no contest plea. Id.
 {¶ 9} The indictment in this case mirrored the language of R.C. 2925.11, alleging Cameron "did knowingly obtain, possess, or use a controlled substance, to-wit: Cocaine, a Schedule II drug, in an amount less than five grams." This was sufficient to charge the offense and for the court to find Cameron guilty upon his no-contest plea. Insofar as Cameron argues the recitation of facts by the prosecutor contained no evidence to indicate Cameron "knowingly" possessed the cocaine, this allegation was contained in the indictment and admitted by Cameron through his no contest plea.[1] Cameron's first assignment of error is overruled.
 {¶ 10} Under his second assignment of error, Cameron states that he should not have been charged with, or convicted of, possession of drugs where the alleged drugs are residue inside of a crack pipe. Instead, Cameron claims the appropriate charge in this case should have been possession of paraphernalia under R.C. 2925.14, which he asserts was a more specific provision to the alleged conduct.
 {¶ 11} The Supreme Court of Ohio has held the quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of possession of drugs. State v. Teamer, 82 Ohio St.3d 490,491, 1998-Ohio-193; see, also, State v. Smith (July 6, 2000), Cuyahoga App. No. 76501. As long as the fact finder may conclude some amount of a controlled substance was present, a defendant's conviction will not be reversed based on the amount of contraband involved. See Teamer,82 Ohio St.3d at 492. In this case, Cameron admitted to possessing drugs by pleading no contest to the charged offense. Further, facts were presented that the crack pipe the police observed Cameron smoking tested positive for cocaine residue. Cameron's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., concur.
[1] We note that in State v. Teamer, 82 Ohio St.3d 490, 492,1998-Ohio-193, the Supreme Court of Ohio held that "whether a person charged with drug abuse in violation of R.C. 2925.11 knowingly possessed, obtained, or used a controlled substance is to be determined from all the attendant facts and circumstances available. If there is sufficient evidence such that a reasonable trier of fact could have found that the state had proven guilt beyond a reasonable doubt, a reviewing court may not reverse a conviction. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus." In this case, Cameron admitted to knowingly possessing drugs by pleading no contest.