DECISION AND JUDGMENT
{¶ 1} This appeal is from the May 15, 2008 judgment of the Lucas County Court of Common Pleas, which sentenced appellant after this conviction of burglary, a violation of R.C. 2911.12(A)(3) and (C), a third degree felony. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, John Brown, asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} "1) The court committed plain error by telling Mr. Brown he admitted to the statement of facts given by the prosecutor during his plea of no contest.
 {¶ 3} "2) Mr. Brown received ineffective assistance of counsel as counsel failed to object to both the lower court's statement and the prosecutor's statement of facts.
 {¶ 4} "3) The court was wholly unreasonable in its sentence."
 {¶ 5} Appellant was indicted on charges of burglary, R.C. 2911.12(A)(1) and (C), a second degree felony. On April 21, 2008, appellant entered a no contest plea to an information charging him with burglary, a violation of R.C. 2911.12(A)(3) and (C), a third degree felony. After entering his plea, the prosecution summarized the evidence as follows regarding the facts that it had been prepared to prove, which included facts related to an alleged assault.
 {¶ 6} The prosecutor stated that the victim had been dating appellant's son, Aron Zentgraf, from December 2007, until they broke up in February 2008. They had known each other for about three years. On March 4, 2008, the victim was home with friends when, at 2:30 a.m., appellant began pounding on the back door demanding to be let inside. The victim told appellant to leave. Appellant then went to the front door and demanded that the victim return some DVDs that he thought were there. Appellant threatened the victim and told her that he was going to leave, get his son, and return. The victim then called 911. At 3:15 a.m. appellant returned with his son and two other family members. The victim called 911 and while she was on the phone, appellant and his accomplices kicked in the front door. Appellant broke a bottle and threatened the victim *Page 3 
with it. The group struck her and threw her around. The victim eventually cut her foot on one of the broken bottles. Appellant and his group were apprehended by the police as they left the victim's home.
 {¶ 7} At the sentencing hearing, appellant raised issue with the facts presented in the presentence investigation report. He noted that the report indicated that the victim had been injured when she was hit in the head with a wrench, but there was no mention of this fact at the time of the plea. Appellant also argued that he freely admitted that he went about getting back his belongings in the wrong way. Furthermore, he attributed his bad choices to his alcoholism for which he has only received outpatient counseling. Therefore, he requested that the court consider placing appellant in the correctional treatment facility for inpatient counseling as part of a community control sanction. The prosecution did not object to this request, but also stated that appellant needed to take responsibility for his actions.
 {¶ 8} The court continued the hearing to further investigate the victim's allegations made in a written statement presented to the court indicating that she felt threatened and intimidated by appellant and his family. At a subsequent hearing, appellant again requested inpatient counseling for his alcoholism and local incarceration because of the needs of his family. After consideration of all of the facts, the court determined that while appellant had only a lengthy list of prior misdemeanors, this was a very violent incident and that appellant's alcoholism could not diminish the need to deal with the crime more severely. Therefore, the court sentenced appellant to three years of incarceration. *Page 4 
 {¶ 9} In his first assignment of error, appellant argues that the trial court committed plain error by finding that when appellant entered his plea of no contest, he admitted to the facts stated in the information as well as the statements made by the prosecuting attorney.
 {¶ 10} This objection was not made at the time of the plea hearing. Absent plain error, the failure to object to an alleged error at the time of trial results in waiver of the error and we need not address the issue on appeal. Crim. R. 30(A) and State v. Lundgren, 73 Ohio St.3d 474,493, 1995-Ohio-227, certiorari denied (1996), 516 U.S. 1178. Plain error is found only in exceptional cases in order to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Plain error will be recognized where but for the error, the outcome of the trial would have been different. Crim. R. 52(B) and State v. Wogenstahl, 75 Ohio St.3d 344, 357,1996-Ohio-219, certiorari denied (1996), 519 U.S. 895.
 {¶ 11} Under Crim. R. 11(B)(2), the plea of no contest is "an admission of the truth of the facts alleged in the indictment, information, or complaint, * * *." Crim. R. 11(C) sets forth the procedure the trial court must follow before accepting the no contest plea in a felony case. Upon acceptance of the plea, the court shall proceed to sentencing. Crim. R. 11(B)(3). While there is no requirement under the rule that the court hear the prosecution's explanation of the facts with respect to a no contest plea to a felony charge, it is common practice for the court to hear the explanation of the circumstances of the crime as a supplement to the facts of the indictment, information, or complaint. The *Page 5 
purpose for such practice is that the court would then have the necessary information for purposes of protecting the defendant from pleading to facts that do not support an offense and for purposes of sentencing. Therefore, we find in this case that the court properly stated that appellant admitted to the truth of the facts in the information as supplemented by the prosecutor's explanation of the circumstances. Even if the court erred in its statement, such an error would not have changed the outcome of this case as there was sufficient basis for the court's acceptance of the no contest plea even without considering the prosecution's explanation of the circumstances.
 {¶ 12} Therefore, we find appellant's first assignment of error not well-taken.
 {¶ 13} In his second assignment of error, appellant argues that he received ineffective assistance of counsel during this trial proceedings because his counsel failed to object to the prosecutor's statement of facts and the court's finding that appellant had admitted to the truth of the facts stated by the prosecutor by entering a plea of no contest.
 {¶ 14} To establish that his counsel rendered ineffective assistance, appellant is required to show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty. Strickland v.Washington (1984), 466 U.S. 668, 687 and State v. Smith (1985),17 Ohio St.3d 98, 100. Based upon our findings with respect to appellant's first assignment of error, we find that appellant has failed to demonstrate that his trial counsel erred by not objecting to the facts stated by the prosecutor or the court's statements regarding appellant's admission of those facts.
 {¶ 15} Appellant's second assignment of error is not well-taken. *Page 6 
 {¶ 16} In his third assignment of error, appellant argues that the court was wholly unreasonable in its sentence.
 {¶ 17} After the Ohio Supreme Court rendered its holding in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, certiorari denied (2006),549 U.S. 979, which eliminated judicial fact finding before imposing sentences, courts returned to the use of broad discretion in imposing sentences that fall within the statutory guidelines. Id. at paragraph seven of the syllabus. In this case, the trial court was authorized by law to sentence appellant for the commission of a third degree felony to "* * * any sanction or combination of sanctions on the offender that are provided in R.C. 2929.14 to R.C. 2929.18." R.C. 2929.13(A). Pursuant to R.C. 2929.14(A)(3), appellant could have been sentenced to imprisonment for a term of one-to-five years. He could have been fined up to $10,000. R.C. 2929.18(A)(3)(c). Appellant was also eligible for a sanction of community control, R.C. 2929.17, and appellee did not oppose the sanction.
 {¶ 18} To determine the appropriate sentence, the court is guided by the purposes of felony sentencing to: "protect the public from future crime by the offender and others and to punish the offender." Therefore, the court must consider "* * * the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence imposed must be chosen to meet these goals without being "* * * demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes *Page 7 
committed by similar offenders." R.C. 2929.11(B). Furthermore, the court shall "* * * consider the factors set forth in divisions (B) and (C) of [R.C. 2929.12] relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of [R.C. 2929.12] relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).
 {¶ 19} Before imposing a sentence, the court shall consider the record, any information presented at the hearing by the victim, a defendant, or another pursuant to R.C. 2929.19(A), a presentence investigation report, if prepared, and any victim impact statement made pursuant to R.C. 2947.051. R.C. 2929.19(B)(1). Because appellant was convicted of a felony, the court could not place him under a community control sanction without consideration of a written presentence investigation report. R.C. 2951.03(A)(1).
 {¶ 20} At the sentencing hearing in this case, appellant's counsel called the court's attention to the fact that the presentence investigation report was inaccurate. He asserted that while the victim stated that she was hit with a wrench, the prosecutor never made such a statement in his explanation of the circumstances of the case. There was also mention of an allegation of threats and this was the first time appellant's counsel had heard of such an allegation. The victim did not wish to speak in court but had submitted a letter indicating that she was fearful and felt intimidated by appellant. Therefore, the court continued the sentencing hearing until the allegations of intimidation could be investigated. *Page 8 
 {¶ 21} When the hearing reconvened, the court noted that alcoholism could have played a role in many of appellant's prior misdemeanor offenses. However, the court also noted that there is no defense of diminished capacity to excuse appellant from being responsible for his actions. The court was especially concerned that appellant had gone to this young victim's house twice in the early morning hours, concerning a matter that was none of his business, and returned with a larger group to force his way inside to threaten and harm her as she tried to escape. The court went on to state that it considered the presentence investigation report, the victim impact statement, the principals and purposes of felony sentencing, and the fact that this incident was very violent. The court also stated that it balanced the seriousness and recidivism factors. After all of these considerations, the court determined that appellant was not amenable to community control and ordered him to serve three years in prison.
 {¶ 22} Appellant argues on appeal that the court's sentence was arbitrary, unreasonable, and unconscionable. He argues that the court did not consider his desire to seek treatment of his alcoholism as a mitigating factor weighing against a determination of the seriousness of the crime and whether appellant was more likely to commit future crimes. R.C. 2929.11(C) and (D). He also argues that the court erred by considering the facts stated by the prosecution as true.
 {¶ 23} Upon an examination of the sentencing hearing transcript, we find that the trial court properly considered all of the relevant statutory factors prior to sentencing appellant. The court expressly noted appellant's alcoholism and was aware of his desire *Page 9 
to seek treatment. However, the court was more concerned with the violent nature of this crime. The court was permitted by statute to consider the presentence investigation report, which included the police reports and the victim impact statement. Appellant was given the opportunity to question the accuracy of the facts found in the report. Therefore, the court considered only the information permitted by statute and used that information to determine an appropriate sentence for appellant. Appellant's third assignment of error is not well-taken.
 {¶ 24} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR. *Page 1