[Cite as *State v. Newrones*, 2012-Ohio-710.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97216

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM NEWRONES

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-546288

BEFORE:    E. Gallagher, J., Rocco, P.J., and Kilbane, J.

RELEASED AND JOURNALIZED:      February 23, 2012

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Hts., Ohio    44118


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:    T. Allan Regas
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


EILEEN A. GALLAGHER, J.:

{¶1}    Defendant-appellant William Newrones appeals his conviction entered in the Cuyahoga County Court of Common Pleas, arguing that the trial court erred in convicting him of a fifth-degree felony because there was insufficient evidence to satisfy the elements of the crime. Appellant alleges that the evidence was sufficient only to prove that $500.00 in merchandise had been stolen, while the statute under which he was convicted requires a minimum of $1,000.00 in stolen goods to qualify as a fifth-degree felony.  For the following reasons, we affirm.

{¶2}    Appellant was indicted for theft in violation of R.C. 2913.02(A)(1).  The indictment provides that on or about September 2, 2010, appellant sought to deprive Sears of Xbox video games and/or Xbox accessories and that the value of the stolen property was $500 or more.  On March 3, 2011, appellant entered a plea of no contest to that charge.

{¶3}     Immediately following appellant's change in plea, the State pre-sented a brief factual account of the evidence against the appellant, stating that the appellant had stolen more than $500.00 in merchandise from Sears. The State further submitted that they were able to identify the appellant through fingerprinting, a photo lineup, and other information. The trial court found appellant guilty of a fifth-degree felony and sentenced appellant to a prison term of ten months.

{¶4}     In his sole assignment of error, appellant states that "[t]he Court erred in convicting William Newrones of a felony five theft, thereby violating his Due Process Rights." Appellant argues that a fifth-degree felony theft under R.C. 2913.02 requires that the value of the stolen property be $1,000.00 or more and because the State only presented evidence of theft of merchandise valued at more than $500.00, a fifth-degree felony conviction was improper.

{¶5}     Appellant's argument rests on an incorrect recitation of R.C. 2913.02 as it existed at the time of his offense, plea, and conviction.   Appellant relies on the text of R.C. 2913.02 as it presently exists.   However, the statute as properly applied by the trial court at the time of appellant's conviction, read:

> (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> > (1) Without the consent of the owner or person authorized to give consent * * *
>
> (B)     (1) Whoever violates this section is guilty of theft.
>
> > (2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71 of the

Revised Code, a violation of this section is theft, a felony of the fifth degree. R.C. 2913.02 (Eff. Nov. 10, 1999.)

{¶6} R.C. 2913.02 was amended as part of House Bill 86, which took effect on September 30, 2011, more than six months after appellant's March 3, 2011 conviction. Am.Sub.H.B. No. 86. The new statute amended the elements of a fifth-degree felony theft to require $1,000.00 or more in stolen property rather than $500.00. R.C. 2913.02 now reads "[i]f the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars * * * a violation of this section is theft, a felony of the fifth degree." R.C. 2913.02 (Eff. Sept. 30, 2011.) In short, appellant is arguing that his conviction cannot be justified under a statute that came into existence six months after his conviction — this argument is without merit.

{¶7} Notwithstanding appellant's failure to correctly identify the appropriate statute that applied to his case, this court still must determine whether, following appellant's plea of no contest, the trial court was presented with sufficient evidence to satisfy all the essential elements of the crime for a finding of guilt under the appropriate statute.

{¶8} The effect of a no contest plea is set forth in Crim.R. 11(B)(2), which states:

The plea of no contest is not an admission of defendant's guilt [as is the effect of a guilty plea], but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶9} The Ohio Supreme Court explained in *State v. Bird*, 81 Ohio St.3d 582, 584, 1998-Ohio-606, 692 N.E.2d 1013,

according to Crim.R. 11(B)(2), a no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Therefore, we have held that where the indictment, information, or complaint contains sufficient allegations to state a felony offense

and the defendant pleads no contest, the court must find the defendant guilty of the charged offense.

{¶10} The trial court possesses the discretion to determine whether the facts alleged in the indictment are sufficient to justify conviction of the offense charged. *State v. Thorpe*, 9 Ohio App.3d 1, 3, 457 N.E.2d 912 (8th Dist.1983). If the court determines that the alleged facts are insufficient to state the charged offense, it may dismiss the charge and find the defendant guilty of a lesser offense. *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 423-424, 1996-Ohio-93, 662 N.E.2d 370. Thus, the only issue is whether the facts alleged in the complaint or the indictments state a crime; if the answer to the question is in the affirmative, both the trial and appellate inquiry cease. *State v. Baumgartner*, 8th Dist. Nos. 89190, 91207, 91208, 2009-Ohio-624, 2009 WL 344988, at ¶ 15.

{¶11} We find that the trial court possessed sufficient evidence to justify a conviction of fifth-degree felony theft under R.C. 2913.02. The indictment, to which the appellant stipulated by pleading no contest, alleges all of the essential elements of the crime for which he was convicted:

> The Jurors of the Grand Jury of the State of Ohio * * * do find and present that [William Newrones] * * * did with purpose to deprive the owner, Sears Grand, of Xbox video games and/or an Xbox accessories pack and/or other merchandise or services, knowingly obtain or exert control over either the property or the services without the consent of the owner or person authorized to give consent and the property or services stolen is valued at $500 or more and less than $5,000.

{¶12} Moreover, the trial court elicited its own explanation of the circumstances before making a finding of guilt. The trial court questioned the State, "if this matter had gone to trial, what factual basis would there be for establishing this charge of theft?" The State elaborated on the facts contained within the indictment, declaring

on September 2nd, 2010, the defendant entered the Sears Grand in Solon, stole over $500 in merchandise * * * Through fingerprinting the receipts and other information, they were able to establish it was him with a photo lineup, and he was ID'd as the person taking these items out of the store.

On this record, the facts alleged in the indictment and at the plea hearing were sufficient to justify a finding of guilt.

{¶13} We find that the trial court possessed sufficient evidence to satisfy all the elements of the crime charged. Both the indictment and the explanation presented to the court clearly allege that the value of the goods stolen by appellant totaled more than $500.00, enough to satisfy the requirement for fifth-degree felony theft under R.C. 2913.02 as it existed at the time of appellant's conviction.

{¶14} For the foregoing reasons, this court affirms appellant's conviction of fifth-degree felony theft under R.C. 2913.02.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR