[Cite as *State v. Williams*, 2016-Ohio-7777.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103762**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593079-A

**BEFORE:** Blackmon, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Edward D. Brydle
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Appellant Kenneth Williams ("Williams") appeals his conviction for theft and assigns the following error for our review:

> The trial court erred in accepting appellant's no contest plea for theft when it was clearly based upon the proffer by the State of Ohio that appellant did not knowingly obtain or exert control over property without the consent of the owner or person authorized to give consent.

{¶2}   Having reviewed the record and pertinent law, we vacate William's conviction and order that he be discharged.   The apposite facts follow.

{¶3}   Williams was indicted for grand theft pursuant to R.C. 2913.02(A)(1) and subsequently entered a no contest plea to the indictment.   At the plea hearing, it was revealed that Williams defrauded the victim out of $17,000 by attempting to lease him a house in which Williams possessed no legal interest and also persuaded the victim to invest in a second home in which Williams possessed no legal interest.   After the prosecutor stated the facts supporting the indictment, Williams's counsel informed the trial court that "we'll stipulate to the finding." (Tr. 35).   The trial court subsequently found Williams guilty of grand theft.      The trial court ordered Williams to pay restitution to the victim and sentenced Williams to 15 months in prison.

### Trial Court Erred by Accepting No Contest Plea

{¶4}   In his sole assigned error, Williams contends that the trial court erred by accepting his no contest plea because the state's recitation of the facts eliminated the element of "without consent" needed for theft pursuant to R.C. 2913.02(A)(1).

**{¶5}** A felony no contest plea differs from a misdemeanor plea because a felony plea does not require that a statement of facts be presented prior to the court accepting the plea. *State v. Magone*, 2d Dist. Clark No. 2015-CA-94, 2016-Ohio-7100, ¶ 45. Instead, in a felony "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). "[W]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998). "[B]y pleading no contest to the indictment," a defendant "is foreclosed from challenging the factual merits of the underlying charge." *Id.*

**{¶6}** Williams was indicted for theft pursuant to R.C. 2913.02(A)(1), which provides:

> (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

> (1) Without the consent of the owner or person authorized to give consent;

**{¶7}** By pleading no contest, Williams admitted to the truth of the facts alleged in his indictment. In the instant case, Williams's indictment mirrored the elements set forth in R.C. 2913.02(A)(1). Therefore, because his indictment contained sufficient allegations to state a felony, according to *Bird*, the trial court was obligated to find him guilty of the offense.

**{¶8}** However, several appellate districts have recognized in dicta an exception to *Bird* where the state presents a statement of facts in a felony no contest plea that positively eliminates the existence of an essential element of the offense charged in the indictment. These districts have concluded that the trial court errs in making a finding of guilt under these circumstances. *See State v. Campbell*, 1st Dist. Hamilton No. C-140372, 2015-Ohio-1464, ¶ 18; *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, 860 N.E.2d 135, ¶ 6 (2d Dist.); *State v. Mullen*, 191 Ohio App.3d 788, 2011-Ohio-37, 947 N.E.2d 762 (3d Dist.); *State v. Stepp*, 4th Dist. Scioto No. 09CA3328, 2010-Ohio-3540, ¶ 34; *State v. Brown*, 6th Dist. Lucas No. L-08-1183, 2009-Ohio-513, ¶ 11; *State v. Blair*, 11th Dist. Portage No. 2012-P-0145, 2013-Ohio-3477, ¶ 21; *State v. Watson*, 12th Dist. Clinton No. CA20007-04-020, 2008-Ohio-629, ¶ 9.

**{¶9}** The Ohio Supreme Court has not yet addressed this situation, and the Eighth District has not yet ruled on a similar case since the Supreme Court decided *Bird*. Prior to *Bird*, this court in *State v. Mehozonek*, 8 Ohio App.3d 271, 456 N.E.2d 1353 (8th Dist.1983), addressing a similar situation in a felony no contest plea held, "[w]here the facts presented to the trial court unequivocally negate an essential element of the offense charged in the indictment, it is an abuse of discretion for the court to accept the no contest plea of the defendant." *Id.* at 273-274, citing *State v. Cohen*, 60 Ohio App.2d 182, 396 N.E.2d 235 (1st Dist.1978). In *Mehozonek*, this court reversed the defendant's conviction and vacated the plea after concluding it was an abuse of discretion for the trial

court to accept the defendant's plea to a felony based on the facts presented by the prosecutor.

{¶10} The recent cases from this district cited by the state in its appellate brief are not cases in which the prosecutor set forth facts in which an element of the indicted offense has been absolutely negated. *See State v. Newrones*, 8th Dist. Cuyahoga No. 97216, 2012-Ohio-710 (indictment and facts were the same); *State v. Baumgartner*, 8th Dist. Cuyahoga Nos. 89190, 91207, and 91208, 2009-Ohio-624 (although defendant argued state's proffers were insufficient to establish the offense, the opinion does not reveal that the evidence positively negated an element of the offense); *State v. Cameron*, 8th Dist. Cuyahoga No. 85141, 2005-Ohio-2831 (evidence did not positively negate an essential element of the offense).

{¶11} We agree that there is an exception to the Supreme Court's decision in *Bird.* When the trial court asks for the recitation of the facts underlying a no contest plea to a felony charge and those facts negate the existence of an essential element of the offense charged, the trial court errs in making a finding of guilt.

{¶12} Here, after Williams entered his no contest plea, the trial court elicited facts from the prosecutor prior to accepting the plea. The facts as set forth by the prosecutor indicated that the victim willingly gave Williams his money, but under the false pretense that he believed that Williams owned the properties. Thus, Williams, in fact, received the money with the victim's consent. Because "without consent" is an element of R.C.

2913.02(A)(1), the trial court erred by making a finding of guilt. Accordingly, Williams's assigned error is sustained.

{¶13} Williams's conviction is vacated, and he is ordered discharged.

It is ordered that appellant recover of appellee costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,  JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR