OPINION
{¶ 1} Appellants, P.S., J.S., S.S., D.S., and J.L. ("appellants"), appeal from the judgments of the Franklin County Court of Common Pleas, Division of Domestic *Page 2 
Relations, Juvenile Branch ("juvenile court"), in which that court granted the motions of appellee, Franklin County Children Services ("appellee"), for permanent court commitment ("PCC") of appellants, thereby terminating the parental rights of appellants' parents. Appellants' parents have not appealed.
 {¶ 2} On September 27, 2005, appellee filed complaints alleging that appellants were neglected and dependent minors. Appellee also alleged that appellants' mother had recently pleaded guilty to a charge of child endangering, which charge arose out of the same conditions upon which appellee's complaints were based. Appellee further alleged that appellants' mother had a prior conviction for parental neglect, which was an amendment of an original charge of child endangering. The juvenile court issued a temporary order of custody to appellee.
 {¶ 3} On October 31, 2005, at the adjudicatory hearing, appellants' parents admitted the allegations in the complaints. On November 9 and 15, 2005, the juvenile court journalized entries adjudicating appellants neglected and dependent minors. The juvenile court ordered protective supervision by appellee, and approved a case plan. On November 21, 2005, the juvenile court granted temporary custody to appellee, terminated protective supervision, and approved a case plan. On December 18, 2006, the juvenile court extended the temporary custody order. On May 22, 2007, the juvenile court granted a final extension of the temporary custody order.
 {¶ 4} On September 27, 2007, appellee filed motions for PCC pursuant to R.C. 2151.413 and 2151.414(B)(1)(a) and (d). After six days of proceedings, during which the parents proceeded uncontested and consented to the termination of their parental rights, the juvenile court granted PCC by judgment entries journalized October 22, 2008. *Page 3 
Throughout the proceedings, appellants have expressed their desire to be reunited with their parents.
 {¶ 5} Appellants timely appealed the juvenile court's judgment, and advance the following assignments of error for our review:
 I. Error In Failing To Solely Apply 2151.414(B)(1)([d]) As Mandated Under The United States And Ohio Constitutions.
 II. Parents' Admissions At 10/31/05 Hearing Were Invalid Consistent With The United States And Ohio Constitutions.
 III. Parents' Admissions At 9/10/08 Hearing Were Invalid Consistent With The United States And Ohio Constitutions.
 IV. Error In Failing To Apply Strict Scrutiny Analysis As Mandated By The United States And Ohio Constitutions.
 V. Error In Failing To Place The Burden On The State To Show The Constitutionality Of R.C. 2151.413 And 2151.414 Under The Strict Scrutiny Analysis As Mandated By The United States And Ohio Constitutions.
 VI. R.C. 2151.414(B)(1)([d]) Facially Denies Procedural Due Process To Both Parents And Their Children In Violation Of The United States And Ohio Constitutions.
 VII. R.C. 2151.414(B)(1)([d]) Fails The Stringent Requirements Of The Strict Scrutiny Test Consistent With The United States And Ohio Constitutions.
 VIII. R.C. 2151.414(B)(1)([a]) Is Repugnant To The United States And Ohio Constitutions Under The Strict Scrutiny Analysis.
 IX. Terminating The Sacred Relationships Between Parents And Their Children Is Repugnant To The United States And Ohio Constitutions Under The Strict Scrutiny Analysis.
 X. R.C. 2151.414(B)(1)([d]) [Or (B)(1)([a])], [sic] As Applied To Parents And Their Children, Is Repugnant To The United States And Ohio Constitutions Under The Strict Scrutiny Analysis. *Page 4 
 XI. PPLA [Or Alternative Disposition Other Than Permanent Custody] [sic] Under R.C. 2151.353 Or R.C. 2151.415 Must Be Granted Under The United States And Ohio Constitutions Under The Strict Scrutiny Analysis.
 XII. Error In Allowing Hearsay Testimony Of Caseworker In Violation Of Evid. R. 801 And 802 And Further In Violation Of The United States And Ohio Constitutions.
 XIII. The Decisions Of The Trial Court Are Contrary To Law In Violation Of The United States And Ohio Constitutions.
(Emphasis sic.)
 {¶ 6} We note initially that appellee argues that appellants lack standing to pursue all of their assignments of error because the assignments allege violations of their parents' rights and their parents have not appealed. We observe that many of the assignments of error allege that appellants themselves have been deprived of constitutional rights. We will assume, without deciding, that appellants possess standing to assert their assignments of error.
 {¶ 7} In support of their first assignment of error, appellants argue that the trial court erred in applying both R.C. 2151.414(B)(1)(a) and (d). We rejected precisely the same argument in In re S.R., 10th Dist. No. 05AP-1356, 2006-Ohio-4983, ¶ 27-28, discretionary appeal not allowed, 112 Ohio St.3d 1421, 2006-Ohio-6712. On the authority ofS.R., we overrule appellants' first assignment of error.
 {¶ 8} In support of their second assignment of error, appellants argue that the judgments adjudicating appellants to be neglected and dependent minors are void and must be vacated because the trial court failed to comply with Juv. R. 29(D) in ensuring that the parents' admissions were knowing and voluntary. "An appeal of an adjudication order *Page 5 
of abuse, dependency, or neglect and the award of temporary custody pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App. R. 4(A)." In re H.F., 120 Ohio St.3d 499,2008-Ohio-6810, syllabus. In this case, the adjudication orders were journalized in November 2005. Thus, with respect to their assignment of error related to those orders, appellants' appeal is untimely. Accordingly, appellants' second assignment of error is overruled.
 {¶ 9} In support of their third assignment of error, appellants argue that the PCC judgment must be reversed because the trial court failed to comply with Juv. R. 29(D) in accepting the parents' admissions and consent to the termination of their parental rights at the dispositional stage of the proceeding. However, Juv. R. 29 does not apply to dispositional hearings. In re C.M., 10th Dist. No. 07AP-933,2008-Ohio-2977, ¶ 33; In re Williams, 10th Dist. No. 03AP-1007,2004-Ohio-678, ¶ 7-8. Accordingly, appellants' third assignment of error is overruled.
 {¶ 10} In support of their fourth and fifth assignments of error, appellants argue that the trial court failed to apply strict scrutiny analysis to appellants' constitutional challenges to R.C. 2151.413 and2151.414, and failed to place upon appellee the burden to demonstrate constitutionality. Our review of the record, including the extensive proceedings in which the juvenile court engaged on this issue, persuades us that the juvenile court indeed applied the correct legal standards to its analysis of appellants' constitutional challenges. Accordingly, appellants' fourth and fifth assignments of error are overruled.
 {¶ 11} In support of their sixth assignment of error, appellants argue that R.C. 2151.414(B)(1)(d) is facially unconstitutional because it establishes an unrebuttable *Page 6 
presumption of parental unfitness that deprives parents of their rights to, inter alia, due process of law. This court has repeatedly rejected the same argument. See, e.g., S.R., supra; In re S.W., 10th Dist. No. 05AP-1368, 2006-Ohio-2958; In re Abram, 10th Dist. No. 04AP-220, 2004-Ohio-5435; In re Bray, 10th Dist. No. 04AP-842, 2005-Ohio-1540;In re Brooks, 10th Dist. No. 04AP-164, 2004-Ohio-3887. In accordance with these authorities, appellants' sixth assignment of error is overruled.
 {¶ 12} In support of their seventh, eighth, and ninth assignments of error, appellants argue that R.C. 2151.414(B)(1)(d) is facially unconstitutional because it is vague and overbroad; not narrowly tailored to serve the compelling state interest involved; and denies parties the right to equal protection, due process, freedom of speech, and freedom of association. These arguments were considered and rejected by this court in S.R., supra, at ¶ 15. See also S.W., supra; In reB.L., 10th Dist. No. 04AP-1108, 2005-Ohio-1151. On the authority of these precedents, appellants' seventh, eighth, and ninth assignments of error are overruled.
 {¶ 13} In support of their tenth assignment of error, appellants argue that R.C. 2151.414(B)(1)(a) and (d) are unconstitutional as applied because their application resulted in the deprivation of appellants' rights based on the admissions of their parents. We disagree. The record reflects that the juvenile court did not base its judgment solely on the admissions of the parents. Rather, it relied on the record in the case to find that R.C. 2151.414(B)(1)(d) had been satisfied because appellants had been in appellee's temporary custody for 12 or more months of a consecutive 22-month period. This finding is supported by the record, separate and apart from any of the parents' admissions. Moreover, the trial court engaged in a thoughtful and thorough analysis of all of the *Page 7 
applicable best interest factors that it was required to consider pursuant to R.C. 2151.414(D). For all of these reasons, appellants' tenth assignment of error is overruled.
 {¶ 14} In support of their eleventh assignment of error, appellants argue that the court should have ordered a planned permanent living arrangement ("PPLA"), or some alternative disposition, rather than a PCC. However, the record reflects that appellee did not request such a disposition. "After a public children services agency or private child placing agency is granted temporary custody of a child and files a motion for permanent custody, a juvenile court does not have the authority to place the child in a planned permanent living arrangement when the agency does not request this disposition." In re A.B.,110 Ohio St.3d 230, 2006-Ohio-4359, syllabus. Because the juvenile court did not have the authority to order a PPLA or alternative disposition, it did not err in failing to do so. For this reason, appellant's eleventh assignment of error is overruled.
 {¶ 15} In their twelfth assignment of error, appellants argue that the trial court erred in admitting, over appellants' objection, the caseworker's testimony that the foster parents desire to adopt appellants. They maintain that this testimony was inadmissible hearsay. "Hearsay is an out-of-court statement made by the declarant offered in evidence to prove the truth of the matter asserted." State v.Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 105; Evid. R. 801(C). "Unless a valid exception applies, hearsay is inadmissible." In reJ.J., 12th Dist. No. CA2005-12-525, 2006-Ohio-2999, ¶ 18; Evid. R. 802.
 {¶ 16} Appellee argues that the caseworker's testimony is admissible under the exception for a present sense impression, pursuant to Evid. R. 803(3), because the caseworker was testifying as to the foster parents' statement of their present plan or *Page 8 
intent. We agree. Statements of intent are admissible as exceptions to the prohibition against hearsay. State v. Tibbetts, 92 Ohio St.3d 146,2001-Ohio-132. Even if the admission of this statement had been error, it would not alter our disposition of appellants' twelfth assignment of error. The admission of inadmissible hearsay testimony is grounds for reversal only if the juvenile court relied upon it to terminate parental rights. In re T.V., 10th Dist. No. 04AP-1159, 2005-Ohio-4280. Here, there is no indication in the record that the juvenile court relied, in terminating the parents' parental rights, on the caseworker's statement regarding the foster parents' intent. For all of these reasons, appellants' twelfth assignment of error is overruled.
 {¶ 17} In their thirteenth and final assignment of error, appellants argue that the judgment granting PCC is contrary to law because, "as a matter of law, [appellee] has not proven by clear and convincing evidence that [appellants'] [p]arents are unfit." (Brief of Appellants, 35.) In the case of In re W.A., 10th Dist. No. 06AP-485, 2006-Ohio-5750, ¶ 18, discretionary appeal not allowed, 112 Ohio St.3d 1422,2006-Ohio-6712, we held, "R.C. 2151.414 does not require that a trial court find a parent unfit before it may terminate that parent's parental rights." (Citations omitted.) In order to grant PCC in a case in which R.C. 2151.414(B)(1)(d) applies, the trial court is only required to find that the termination of parental rights is in the best interest of the children and that the "12 months out of 22 months rule" applies. Id. "Parental unfitness is not a required finding to terminate parental rights under that section." Id. On the authority of W.A., appellants' thirteenth assignment of error is overruled. *Page 9 
 {¶ 18} Having overruled all of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
BRYANT and BROWN, JJ., concur. *Page 1