[Cite as *State v. Mullen*, 191 Ohio App.3d 788, 2011-Ohio-37.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

The STATE OF OHIO,

    APPELLEE,

  v.

MULLEN,

    APPELLANT.

CASE NO. 7-10-08

**O P I N I O N**

Appeal from Henry County Common Pleas Court
Trial Court No. 07 CR 036

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: January 10, 2011

APPEARANCES:

    **John H. Hanna**, for appellee.

    **Kenneth J. Rexford**, for appellant.

    ROGERS, Presiding Judge.

{¶ 1} Defendant-appellant, Jeffrey S. Mullen, appeals the judgment of the Court of Common Pleas of Henry County finding him guilty of one count of aggravated burglary, two counts of abduction, and one count of felonious assault. On appeal, Mullen asserts that the trial court erred in finding him guilty of felonious assault and both counts of abduction, and that the convictions of felonious assault and abduction were imposed in violation of his due process rights. Based upon the following, we affirm in part, and reverse in part, the judgment of the trial court.

{¶ 2} In August 2007, the Henry County Grand Jury indicted Mullen on Count One, attempted murder in violation of R.C. 2903.02(A), a felony of the first degree with a firearm specification under R.C. 2941.145; Count Two, attempted murder in violation of R.C. 2903.02(A), a felony of the first degree with a firearm specification under R.C. 2941.145; Count Three, aggravated burglary in violation of R.C. 2911.11(A)(1) and/or (2), a felony of the first degree with a firearm specification under R.C. 2941.145; Count Four, abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree with a firearm specification under R.C. 2941.145; Count Five, abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree with a firearm specification under R.C. 2941.145; Count Six, abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree with a firearm specification under R.C. 2941.145; Count Seven, abduction in violation of

R.C. 2905.02(A)(2), a felony of the third degree with a firearm specification under R.C. 2941.145; and Count Eight, felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree with a firearm specification under R.C. 2941.145.

{¶ 3} In August 2007, Mullen entered a plea of not guilty by reason of insanity, and the trial court ordered a competency evaluation.

{¶ 4} In October 2007, the trial court found that Mullen was competent to stand trial.

{¶ 5} In April 2008, Mullen withdrew his pleas of not guilty and entered pleas of no contest to Count Three with the gun specification, and Counts Four, Five, and Eight, on which the trial court found him guilty. As part of the plea agreement, the state agreed to recommend dismissal of Counts One, Two, Six, and Seven. At the plea hearing, the state recited the factual basis for the offenses:

> [A]s to Count 3, the defendant did by force trespass in an occupied structure in which Elizabeth Walters and Sarah McCorkle and children of them and of the occupants of that residence were present and he did so with purpose to commit a criminal offense having fired into the residence before he came in and while in the house he threatened to inflict physical harm to the two women and also was in possession of a deadly weapon, to wit, a firearm. As to the specification, he did display the firearm, brandish it and indicate that he possessed the firearm and used it to facilitate the offense.
> As to Count 4, while in the home he held Elizabeth Walters against her will and restrained her of her liberty refusing her the opportunity to leave in fact, threatening to kill her if she attempted to, and the same thing happened as to Count 5, just with a different victim – they were in separate rooms, he went into one room, held

the gun to Elizabeth's head and told her if she didn't shut up and if she attempted to leave he would kill her. He did the same thing in County [sic] 5 with Sarah McCorkle in a totally separate room of the house and as to Count 8 Your Honor, he did knowingly cause or attempt to cause physical harm to Elizabeth Walters by means of a deadly weapon holding the firearm to her head threatening to blow her brains out if she didn't shut up.

{¶ 6} In June 2008, the trial court sentenced Mullen to a seven-year prison term on Count Three and a three-year prison term on the gun specification; to a three-year prison term on Count Four; to a three-year prison term on Count Five; and to a five-year prison term on Count Eight. The trial court ordered all terms to be served consecutively, for an aggregate 21-year prison term. Additionally, the trial court dismissed Counts One, Two, Six, and Seven and the remaining specifications. The trial court further ordered Mullen to pay restitution of $620.

{¶ 7} In November 2009, Mullen filed a motion to withdraw his plea pursuant to Crim.R. 32.1 because his judgment entry of conviction lacked notification of postrelease control, rendering his convictions void.

{¶ 8} In February 2010, the trial court denied Mullen's motion to withdraw his plea because he was advised of the mandatory term of postrelease control at the time of his plea, but the court ordered that Mullen be resentenced because postrelease control was not addressed in the trial court's June 2008 sentencing entry. The trial court scheduled Mullen's resentencing for March 30, 2010.

{¶ 9} On March 8, 2010, Mullen filed a "Pre-Sentence Motion to Withdraw Plea."

{¶ 10} In April 2010, the trial court denied Mullen's motion to withdraw his plea. Additionally, the trial court resentenced Mullen to the same prison term imposed in June 2008, and specifically stated that he would be subject to a five-year term of postrelease control.

{¶ 11} It is from the trial court's April 2010 judgment entry that Mullen appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

The trial court erred in finding Mr. Mullen guilty of felonious assault.

*Assignment of Error No. II*

The trial court erred in finding Mr. Mullen guilty of abduction as alleged in Count IV.

*Assignment of Error No. III*

The trial court erred in finding Mr. Mullen guilty of abduction as alleged in Count V.

*Assignment of Error No. IV*

The convictions as to Counts IV, V, and VIII each were imposed in violation of the right of the accused to due process of law.

{¶ 12} Initially, we note that although Mullen has appealed from an entry that resentenced him *and* denied his motion to withdraw his plea, his arguments

and request for relief concern only the entry of resentencing and do not dispute the denial of his motion to withdraw his plea. Additionally, due to the nature of Mullen's arguments, we elect to address his second and third assignments of error together.

*Assignment of Error No. I*

{¶ 13} In his first assignment of error, Mullen argues that the trial court erred in finding him guilty of felonious assault. Specifically, Mullen contends that the trial court was required to consider the prosecutor's statement of facts in conjunction with his no-contest plea and to ensure that the stated facts did not negate the charged offense, and further that the prosecutor's statement of facts alleged a threat of force without any actual attempt or assault, which negated the charge of felonious assault. In support, Mullen cites *State v. Wooldridge*, 2d Dist. No. 18086, 2000 WL 1475699; *State v. Edward Joseph Lowe, M.D., Inc.*, 2d Dist. Nos. 93-CA-54 and 93-CA-55, 1995 WL 127890, and *State v. Cohen* (1978), 60 Ohio App.2d 182.

{¶ 14} Crim.R. 11(B)(2) provides, "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment." Additionally, it is well settled that if a charging instrument contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, it will satisfy federal and state

requirements. *State v. Reinhart*, 3d Dist. No. 15-06-07, 2007-Ohio-2284, ¶ 14, citing *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, ¶ 9. Initially, we note that the indictment for felonious assault, to which Mullen entered his no-contest plea, contains all elements of the offense and properly tracks the language of the statute. See R.C. 2903.11(A)(2).

{¶ 15} In *Cohen*, 60 Ohio App.2d 182, the First Appellate District examined a situation in which a defendant pleaded no contest to a properly indicted charge of robbery pursuant to the 1977 version of R.C. 2911.02(A), which, at that time, required that the perpetrator "[u]se or threaten the immediate use of force against another." However, the state's uncontroverted statement of facts provided that the victim was sleeping during the entire commission of the offense. On appeal, the First District determined that the element of force or threat of immediate use of force could not be present when the victim was sleeping. Consequently, the court set aside the no-contest plea because "the uncontroverted statement of facts recited to the court below not only failed to include, but [a]bsolutely negatived the existence of, an essential element of the offense charged in the indictment." Id. at 184.

{¶ 16} In *Edward Joseph Lowe, M.D., Inc.*, 1995 WL 127890, the Second Appellate District examined a situation in which a doctor had pleaded no contest to a multicount indictment for illegal processing of drug documents. At the plea

hearing, the state recited facts including that the majority of the indictments for illegal processing of drug documents under R.C. 2925.23(A) were based on the defendant's acts of falsifying patients' medical charts. However, the Second District concluded that patients' medical charts were not included under R.C. 2925.23(A) as a matter of law. Consequently, the reviewing court held that the trial court erred in entering a finding of guilty as to these charges, concluding that " '[w]here the facts presented to the trial court unequivocally negate an essential element of the offense charged in the indictment, it is an abuse of discretion for the court to accept the no contest plea of the defendant.' " Id. at * 10, quoting *State v. Mehozonek* (1983), 8 Ohio App.3d 271, 273-274, citing *Cohen*, 60 Ohio App.2d at 184.

{¶ 17} In *Wooldridge*, 2000 WL 1475699, the Second District similarly held that "although the omission of a fundamental fact is permissible, the trial court may not find a defendant guilty based on his no contest plea if the state's statement of facts *absolutely negates* the existence of an essential element of the offense." (Emphasis sic.) On that basis, the Second District declined to vacate the defendant's plea because the state's recitation of facts did not absolutely negate an essential element of the offense, but merely raised the *possibility* that the offense at issue had been committed in a county different from that alleged in the indictment.

{¶ 18}  Here, Mullen was convicted of felonious assault in violation of R.C. 2903.11(A)(2), which provides, "No person shall knowingly do either of the following: * * * (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."  Mullen contends that the facts recited by the state, that he had held a gun to the victim's head and threatened her, negated the element that he had caused or attempted to cause harm to another. Consequently, Mullen requests that this court remand the matter to the trial court with instructions to vacate his conviction for felonious assault and enter a judgment of conviction for the lesser offense of aggravated menacing.

{¶ 19}  We disagree with Mullen's contentions.  Although he is correct that the prosecutor stated that Mullen had held a gun to the victim's head and threatened her, we do not find that this statement *absolutely negates* the element that he had caused or attempted to cause harm to the victim.  Conversely, we find that similar to *Wooldridge*, 2000 WL 1475699, the prosecutor's statement merely omitted a fundamental fact.  It is not clear from the prosecutor's statement whether Mullen only held a gun to the victim's head and threatened her, or whether other facts involving causing harm to or attempting to cause harm to the victim may also have been present, yet omitted from the statement.

{¶ 20}  Accordingly, we overrule Mullen's first assignment of error.

*Assignment of Error Nos. II and III*

{¶ 21} In his second and third assignments of error, Mullen argues that the trial court erred in finding him guilty on the two counts of abduction. Specifically, he argues that because he entered a plea of no contest, the trial court was required to review the indictment to determine that it alleged all necessary elements of the charged offense and that the omission of the element of "circumstances that create a risk of physical harm to the victim or place the other person in fear" from both counts rendered the indictments for abduction sufficient to charge only the lesser included offense of unlawful restraint.

{¶ 22} R.C. 2905.02 governs abduction and provides:

(A) No person, without privilege to do so, shall knowingly do any of the following:

* * *

(2) By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear.

{¶ 23} Here, Counts Four and Five of the indictment, charging abduction in violation of R.C. 2905.02(A)(2), provided that "JEFFREY S. MULLEN, did, without privilege to do so, knowingly by force or threat, restrain the liberty of another person." The indictment contained no assertion that Mullen created a risk of physical harm to the victims or placed the victims in fear.

{¶ 24} The Supreme Court of Ohio has emphasized the following:

> While a plea of guilty is a complete admission of the defendant's guilt, a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint. Crim.R. 11(B)(1) and (2). The trial court thus possesses discretion to determine whether the facts alleged in the indictment, information, or complaint are sufficient to justify conviction of the offense charged. *State v. Thorpe* (1983), 9 Ohio App.3d 1, 3, 9 OBR 1, 3, 457 N.E.2d 912, 915 (Markus, J., concurring). If the court determines that the alleged facts are insufficient to state the charged offense, it may find the defendant guilty of a lesser included offense, *State ex rel. Leis v. Gusweiler* (1981), 65 Ohio St.2d 60, 61, 19 O.O.3d 257, 418 N.E.2d 397, 398, or dismiss the charge.

*State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 423. Additionally, this court has previously held, "There being no admission of guilt by a no contest plea and such plea only admitting the truth of the facts alleged in the indictment, if those facts do not, in and of themselves, constitute the allegation of an offense under the statute, or statutes, involved, the defendant has admitted to nothing upon which the court can base a conviction." *State v. Hayes*, 3d Dist. No. 5-82-11, 1983 WL 7178, citing Crim.R. 11(B)(2).

{¶ 25} In light of the preceding, we find that as Mullen has admitted only the truth of the facts alleged in the indictment, which are insufficient to charge abduction, he has admitted nothing upon which the trial court could base his convictions for abduction. Consequently, the trial court erred in finding Mullen guilty of the two abduction offenses. However, as Mullen admits, Counts Four and Five of the indictment contain all essential elements to charge the offense of

unlawful restraint under R.C. 2905.03(A), which provides, "No person, without privilege to do so, shall knowingly restrain another of the other person's liberty." Additionally, multiple courts have found unlawful restraint to be a lesser included offense of abduction. See *State v. Urban*, 9th Dist. No. 08CA009396, 2009-Ohio-2789, ¶ 19; *State v. Stoutamire*, 11th Dist. No. 2007-T-0089, 2008-Ohio-2916, ¶ 81; *State v. Martin*, 10th Dist. Nos. 02AP33 and 02AP34, 2002-Ohio-4769, ¶ 46; *State v. Graves*, 12th Dist. No. CA2001-05-018, 2002-Ohio-868; *State v. Jonas* (Mar. 6, 2001), 4th Dist. No. 99CA38.

{¶ 26} Accordingly, we sustain Mullen's second and third assignments of error, reverse his convictions for abduction on Counts Four and Five, and remand to the trial court with instructions to enter convictions for unlawful restraint in violation of R.C. 2905.03(A) and to resentence him accordingly.

*Assignment of Error No. IV*

{¶ 27} In his fourth assignment of error, Mullen argues that his two convictions for abduction and his conviction for felonious assault were imposed in violation of his due process rights. Specifically, Mullen contends that the trial court should not have accepted his no-contest plea and found him guilty, as the trial court should have first reviewed the indictments for abduction for sufficiency and should have reviewed the prosecutor's statement of facts regarding the

felonious-assault charge to ensure that it did not negate the facts alleged in the indictment for felonious assault.

{¶ 28} Having determined in our analysis of Mullen's first assignment of error that the prosecutor's statement concerning the charge of felonious assault did not negate the indictment, we consequently hold that his felonious-assault conviction did not violate his due process rights. Additionally, having already reversed Mullen's convictions for abduction with instructions for the trial court to enter convictions for unlawful restraint, we find this assignment of error moot in regard to the abduction convictions.

{¶ 29} Accordingly, we overrule Mullen's fourth assignment of error.

{¶ 30} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued in the first and fourth assignments of error, but having found error prejudicial in the particulars assigned and argued in the second and third assignments of error, we affirm Mullen's conviction for felonious assault, but reverse his convictions for abduction. We remand to the trial court with instructions to enter convictions for unlawful restraint in violation of R.C. 2905.03(A) and to resentence him accordingly.

Judgment affirmed in part

and reversed in part,

and cause remanded.

WILLAMOWSKI and PRESTON, JJ., concur.