[Cite as *State v. Blair*, 2013-Ohio-3477.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0145** |
| LARRY BLAIR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2011 CR 0740.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*George G. Keith*, 135 Portage Trail, P.O. Box 374, Cuyahoga Falls, OH 44223 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Larry Blair, appeals his conviction for Sexual Battery following the entry of a no contest plea. The issue before this court is whether a defendant may be convicted of Sexual Battery against a stepchild after the dissolution of the marriage that created the affinity by the death of the mother. For the following reasons, we reverse and remand the decision of the court below.

{¶2} On November 29, 2011, the Portage County Grand Jury returned an Indictment against Blair, charging him with two counts of Sexual Battery, felonies of the third degree in violation of R.C. 2907.03(A)(5) and (B). Both counts provided:

{¶3} LARRY BLAIR on or about 25 JULY 2011 in the County of Portage * * * did * * * engage in sexual conduct with T.J. not the spouse of said LARRY BLAIR when said LARRY BLAIR was said T.J.'s natural or adoptive parent or a stepparent, or guardian, or custodian, or person in loco parentis of said T.J.

{¶4} On December 9, 2012, Blair was arraigned and entered a plea of not guilty. The case was scheduled for trial on September 6, 2012.

{¶5} On September 6, 2012, counsel for Blair made an oral motion to dismiss the Indictment on the grounds that Blair was not T.J.'s stepparent at the time of the sexual conduct charged in the Indictment. Counsel argued that the stepparent relationship between Blair and T.J. dissolved upon the death of T.J.'s mother and that, at the time of the sexual conduct, T.J. was an adult and had completed high school.

{¶6} The trial court denied the motion to dismiss.

{¶7} Thereupon, Blair entered a plea of no contest to one count of Sexual Battery; the State moved to dismiss the second count. The prosecutor read the following stipulated facts into the record:

{¶8} That the victim in this case * * * was born on or about the 29th day of December, 1992. That as an infant, she was adopted by Rosemary Johnson, who became her mother. * * * [T]hat on or about August 20, 22, 2002, Larry Blair and Rosemary Johnson

2

became married and at that time, Larry Blair became stepfather to T.J. * * * who * * * would have been a juvenile at the time they were married. * * * Rosemary Johnson, the mother of T.J. and the wife of Larry Blair, passed away from cancer on or about May 10, 2009. * * * Rosemary Johnson had arranged for the two daughters, T.J. and her other younger daughter, to go with another family member, but that factually the daughters * * * continued to live with and reside with Larry Blair, * * * the person they knew as their stepfather. At that time, the alleged victim * * * was still a juvenile and would have been approximately fifteen or sixteen years of age. * * * [O]n or about December 29 of 2010 * * *, the alleged victim * * * turned eighteen years of age and at that time she was living in Streetsboro with Larry Blair and her younger sister. Both sides will then stipulate, that while living in the home, on or about the 25th day of July, 2011, * * * the Defendant, Larry Blair, engaged in sexual conduct with T.J.

{¶9} The trial court found Blair guilty of Sexual Battery.

{¶10} On October 10, 2012, the trial court issued an Order and Journal Entry, memorializing Blair's sentence. The court sentenced Blair to a two-year term of imprisonment (stayed pending appeal); imposed a fine of $300 plus costs; designated him a Tier III Sex Offender; and advised him that he would be subject to a mandatory five-year period of postrelease control.

3

**{¶11}** On November 7, 2012, Blair filed a Notice of Appeal. On appeal, Blair raises the following assignment of error:

**{¶12}** "[1.] The trial court erred in denying defendant's motion to dismiss the indictment."

**{¶13}** "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue," including "[d]efenses and objections based on defects in the indictment." Crim.R. 12(C)(2). "A motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant." *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 34. "In conducting this pretrial review, courts may look to 'evidence beyond the face of the indictment,'" but "may not decide 'what would be the general issue at trial.'" *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 22, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 18.

**{¶14}** The sufficiency of an indictment is a legal question reviewed under a de novo standard. *State v. Thornsbury*, 4th Dist. No. 12CA9, 2013-Ohio-1914, ¶ 6.

**{¶15}** In the present case, the language of the Indictment tracks the language of the Sexual Battery statute, R.C. 2907.03(A)(5), and, therefore, is legally sufficient on its face. *State v. Jackson,* 134 Ohio St.3d 184, 2012-Ohio-5561, 980 N.E.2d 1032, ¶ 14 (cases cited); *Noble v. State*, 22 Ohio St. 541 (1872), paragraph two of the syllabus ("[a]n indictment for incest with one's step-daughter sufficiently describes the relationship of the parties, by alleging it to be that of step-father and step-daughter,

4

without setting forth the marriage of the defendant to the mother, or the subsistence of the marriage relation at the time of committing the crime").

{¶16} The issue of whether Blair was in the position of T.J.'s stepparent was a general issue to be determined at trial, based on the quality and/or quantity of the evidence. Thus, that issue could not be properly addressed in a pre-trial motion to dismiss. *Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, at ¶ 14-18.

{¶17} Blair's challenge to the Indictment must also fail due to his no contest plea.

{¶18} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). "[W]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998). "[B]y pleading no contest to the indictment," a defendant "is foreclosed from challenging the factual merits of the underlying charge." *Id.* While "the trial court * * * possesses discretion to determine whether the facts alleged in the indictment, information, or complaint are sufficient to justify conviction of the offense charged[,] * * * the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 423-424, 662 N.E.2d 370 (1996).

{¶19} Finally, we must consider whether the stipulation of facts presented as part of the plea colloquy undermined the sufficiency of the Indictment.

**{¶20}** Many appellate districts have recognized that the State is not required to present a recitation of the facts underlying the indictment before a no contest plea is accepted. *State v. Kruger*, 2nd Dist. No. 2005-CA-19, 2006-Ohio-2361, ¶ 2 ("the trial court is not required, in accepting a plea of no contest to a felony, to elicit a recitation of the circumstances of the alleged offense"); *State v. Moore*, 9th Dist. No. 21182, 2003-Ohio-244, ¶ 8 ("[i]n felony cases where a defendant pleads no contest, the state is not obligated to present evidence proving the defendant guilty beyond a reasonable doubt"); *State v. Kutz*, 87 Ohio App.3d 329, 337, 622 N.E.2d 362 (6th Dist.1993) ("[t]he trial court needs only to examine the facts alleged in the indictment to determine whether a defendant is guilty of the crime charged").

**{¶21}** It is similarly recognized, however, that, where the State presents a statement of facts that is positively inconsistent with the existence of an essential element of the offense charged in the indictment, a trial court errs by finding the defendant guilty based on his no contest plea. *State v. Wooldridge*, 2nd Dist. No. 18086, 2000 Ohio App. LEXIS 4639, *6 (Oct. 6, 2000) ("although the omission of a fundamental fact is permissible, the trial court may not find a defendant guilty based on his no contest plea if the state's statement of facts *absolutely negates* the existence of an essential element of the offense"); *State v. Cohen*, 60 Ohio App.2d 182, 185, 396 N.E.2d 235 (1st Dist.1978) ("the trial court erred in proceeding to sentence on the indicted charge under the no contest plea where the case against the defendant was incontestably deficient in the absence of a material element of the offense charged"); *State v. Mullen*, 191 Ohio App.3d 788, 2011-Ohio-37, 947 N.E.2d 762, ¶ 13-19 (3rd Dist.) (cases cited).

**{¶22}** Blair raises the argument that the parties' stipulated facts are inconsistent with the existence of a stepparent relationship with the victim: "the stepparent-stepchild [relationship] terminated upon both the death of [Blair's] wife and the emancipation of the victim when she turned eighteen and graduated high school." Reply Brief of Appellant, at 4.

**{¶23}** Blair relies on the Ohio Supreme Court's decision of *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512. In *Lowe*, the Supreme Court considered whether R.C. 2907.03(A)(5) was constitutional as applied to consensual sexual conduct between a stepparent and an adult stepchild. The court held the statute constitutional, but commented that it would not apply where the defendant "divorced his wife and no longer was a stepparent to his wife's daughter, [since] the stepparent-stepchild relationship would be dissolved." *Id.* at ¶ 26. Blair contends that the death of his wife (the victim's mother) is the equivalent of divorce and effectively ends the stepparent-stepchild relationship.

**{¶24}** Blair's argument must be sustained under the Ohio Supreme Court's decision of *Noble v. State*, 22 Ohio St. 541, which held: "The relation of step-father and step-daughter, within the meaning of the statute against incest, does not exist after the termination of the marriage relation between the step-father and the step-daughter's mother." *Id.* at syllabus. "It is established law that the relation of step-father and step-daughter, at least within the meaning of statutes against the crime of incest, terminates with the death or divorce of the mother." *Id.* at 544. We are bound by the Supreme Court's holding in *Noble*. *State v. Brown*, 47 Ohio St. 102, 23 N.E. 747, 749 (1890) ("[t]he supposed hardship of the law is much mitigated by the circumstance that kinship

by affinity of the husband and wife, respectively, with the family of the other terminates with the dissolution of the marriage").

{¶25} Accordingly, Blair's sole assignment of error has merit.

{¶26} For the foregoing reasons, Blair's conviction for Sexual Battery is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8