[Cite as *In re W.F.*, 2014-Ohio-2892.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | |
| W.F. | : | CASE NO. CA2014-01-002 |
| | : | O P I N I O N<br>6/30/2014 |
| | : | |
| | : | |

APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20123008

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 State Street, Suite 2, Georgetown, Ohio 45121, for appellee, Brown County Department of Job and Family Services

Christine D. Tailer, P.O. Box 14, Georgetown, Ohio 45121, guardian ad litem

Julie D. Steddom, 120 Main Street, Ripley, Ohio 45167, for appellant, C.M.

Barbara Moore-Eiterman, 106 South Cross Street, West Union, Ohio 45693, for father, D.F.

**PIPER, J.**

{¶ 1} Appellant, the biological mother of W.F, appeals a decision of the Brown County Court of Common Pleas, Juvenile Division, granting permanent custody of the child to a children services agency.

{¶ 2} The Brown County Department of Job and Family Services filed a complaint on

January 25, 2012, alleging that W.F. was a neglected, dependent and abused child. According to the complaint, the agency received a report that on January 22, 2012, appellant was taken to University Hospital in Cincinnati due to a drug overdose. The report indicated that at the time of the overdose, appellant was in a car in Cincinnati and W.F., who was five months old, was with her. The Cincinnati police responded to an emergency call and found appellant unresponsive in the vehicle. Appellant had to be revived by an EMS unit and was taken to the hospital. She was charged with both possession of drugs and possession of a drug abuse instrument because a burnt spoon and a syringe were found in the vehicle.

{¶ 3} At an emergency hearing the day the complaint was filed, an agency investigator testified regarding the report of appellant's overdose and indicated that the child was currently with his great-grandparents. The investigator testified that appellant had two prior cases with the agency. First, the agency was informed shortly after the child was born that illegal substances were discovered in the child's meconium. The second case, in December 2011, involved a report the agency received indicating appellant was using heroin. At the conclusion of the emergency hearing, the court granted temporary custody to the agency, which continued the placement of W.F. with his great-grandparents.

{¶ 4} At an adjudication hearing on February 27, 2012, appellant stipulated to a finding of dependency. The court held a dispositional hearing on April 2, 2012. Appellant was not present at the hearing and her attorney stated that he made several phone calls and letters, but had not received any response from appellant. The court granted temporary custody to the agency, with placement at the agency's discretion. The court also issued a no-contact order between W.F. and appellant. The agency placed the child in a foster home on April 10, 2012, due to concerns with the great-grandparents' ability to provide long-term care for the child.

{¶ 5} Appellant made little progress on her case plan and the agency filed for

permanent custody of W.F. on May 23, 2013. After a hearing on December 10, 2013, the court granted permanent custody of the child to the agency.

{¶ 6} Appellant now appeals the court's decision to grant permanent custody of the child to the agency and raises one assignment of error for our review:

{¶ 7} APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HER RIGHT TO COUNSEL UNDER THE U.S AND OHIO CONSTITUTIONS, WHEN HER APPOINTED COUNSEL'S PERFORMANCE WAS NOT REASONABLY PROFESSIONAL AND THERE WAS A REASONABLE PROBABILITY THAT BUT FOR THAT DEFICIENCY THE OUTCOME WOULD HAVE BEEN DIFFERENT.

{¶ 8} Parents are entitled to the effective assistance of counsel in custody hearings involving an involuntary termination of parental rights. *In re Noe*, 12th Dist. Butler No. CA96-10-217, 1997 WL 411594 (July 21, 1997); J*ones v. Lucas Cty. Children Services Bd.*, 46 Ohio App.3d 85, 86 (6th Dist.1988). When determining whether counsel was ineffective in a permanent custody hearing, a reviewing court must apply the two-tier test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *In re Spillman*, 12th Dist. Clinton No. CA2002-06-028, 2003-Ohio-713. First, appellant must show that counsel's actions were outside the wide range of professionally competent assistance. Second, appellant must show that she was prejudiced as a result of counsel's actions. *Id.* at 689. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. *Id.* at 142.

{¶ 9} It is well-established that a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the appellant as a result of the alleged deficiencies. *See State v. Bradley* (1989), 42 Ohio St.3d 136, 143. Prejudice will not be found unless appellant demonstrates a reasonable possibility

that, if not for counsel's errors, the result of the trial would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *State v. Carpenter* (1996), 116 Ohio App.3d 615, 622.

{¶ 10} Appellant argues that her counsel was ineffective for advising her to stipulate to W.F.'s dependency, for failing to request a continuance at the disposition hearing when appellant failed to appear and for representing appellant's wishes at disposition without first consulting her. However, each of these arguments involve issues relating to the child's dependency adjudication and/or the disposition of temporary custody to the agency following the adjudication.

{¶ 11} The Ohio Supreme Court has held that a dependency adjudication followed by a disposition awarding or continuing temporary custody of a child to a public services agency constitutes a final appealable order. *In re Murray*, 52 Ohio St.3d 155 (1990). An appeal involving the adjudication of a dependent child and issues related to a disposition of temporary custody to a children services agency must be filed within 30 days of the trial court's adjudication and disposition order. *In re H.F.*, 120 Ohio St.3d 499 (2008). A parent still retains the right to appeal an award of permanent custody to the agency, and that appeal would include issues that arose after the adjudication order. *Id.* at ¶ 17.

{¶ 12} Accordingly, challenges involving a parent's stipulation to a finding of neglect, dependency or abuse cannot be raised at an appeal from a later permanent custody determination. *In re A.N.*, 191 Ohio App.3d 793, 2009-Ohio-1873 (8th Dist.2009); *In re J.L.*, 10th Dist. Nos. 08AP-1023, 08AP-1024, 2009-Ohio-1545. Likewise, any issues involving the trial court's decision to award temporary custody to the agency following adjudication are appealable at the time the order is entered, not at the time of the permanent custody order. *In re N.E.*, 7th Dist. Nos. 10 BE 1, 10 BE 2, 2010-Ohio-6012; *In re A.V.*, Lawrence App. No. 08CA31, 2009-Ohio-886, at ¶ 13.

{¶ 13} W.F. was found to be dependent on February 27, 2012 and temporary custody was granted to the agency on April 2, 2012. Appellant did not appeal from those orders and did not file the present notice of appeal until after the permanent custody decision on December 30, 2013. Therefore, appellant's appeal of these issues is well beyond the 30-day period set forth in App.R. 4(A). Because appellant did not file an appeal from the dependency and temporary custody orders, she is barred from challenging those issues at this time.

{¶ 14} We note, however, that even if appellant had properly appealed the dependency adjudication and award of temporary custody to the agency, she cannot establish her counsel was ineffective because she cannot establish she was prejudiced by counsel's actions. With regard to the stipulation, appellant was present in court when her counsel indicated that he had conferred with his client and she had agreed to the stipulation of dependency. Despite appellant's arguments to the contrary, the allegations in the complaint were sufficient to show that W.F. was a child "who lack[ed] parental care" or "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming guardianship." R.C. 2151.04(C) and (D).

{¶ 15} Likewise, appellant was not prejudiced by counsel's failure to request a continuance at the dispositional hearing when she did not appear for the hearing. Appellant's counsel indicated that he made several phone calls and sent letters, but had not received any response from appellant, a pattern that appellant repeated throughout the case with the agency and the guardian ad litem. In addition, appellant was notified by the court of the hearing. The court's discretion whether to grant a continuance in a juvenile case is broad and continuances are to be granted only when imperative to secure fair treatment for the parties. See *In re Al.C.*, 6th Dist. Lucas App. Nos. L-11-1148, L-11-1161, 2011-Ohio-6315, ¶ 14. Given the facts of this case, appellant cannot show a reasonable probability that a

continuance would have been granted.

{¶ 16} In addition, appellant cannot establish that temporary custody would not have been granted to the agency if she had been at the hearing, or if her counsel had not agreed to the finding. The guardian ad litem and agency both advocated for an award of temporary custody to the agency. Appellant's counsel agreed that temporary custody should go to the agency, but argued that the child should continue to be placed with his great-grandparents and not in a foster home. Appellant was not prejudiced by counsel in this regard. At the time temporary custody was awarded, appellant had tested positive for drugs and was not responding to calls and letters from her attorney, the guardian ad litem or the agency, so she cannot establish a probability that temporary custody would not have been awarded to the agency.

{¶ 17} In her brief, appellant also raises issues related to the court's order in the dispositional entry that she have no contact with the child. However, the court stated that this requirement was included because appellant had tested positive for drugs and her last contact with the agency was over a month prior to the hearing. Appellant was not working on the case plan, not contacting the agency, guardian or her own attorney, and had a serious drug problem. In addition, once appellant began initiating some work on the case plan, at a hearing on June 26, 2012, appellant's counsel requested that the no-contact order be removed. Therefore, appellant cannot establish that she was prejudiced by counsel's representation.

{¶ 18} We find no merit to appellant's arguments and her sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

RINGLAND, P.J., and HENDRICKSON, J., concur.

- 6 -