[Cite as *State v. Huffman*, 2020-Ohio-1062.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO.  5-19-37

      v.

MOLLY J. HUFFMAN,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2018 CR 000452

**Judgment Affirmed**

**Date of Decision:   March 23, 2020**

APPEARANCES:

      *Howard A. Elliott* **for Appellant**

      *Lora L. Manon* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Molly J. Huffman ("Huffman"), brings this appeal from the September 11, 2019, judgment of the Hancock County Common Pleas Court sentencing her to a mandatory thirty months in prison after Huffman pled no contest to, and was found guilty of, Aggravated Vehicular Assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree. On appeal, Huffman argues that the trial court erred by finding her guilty based on her no contest plea where, she contends, there was no indication she was actually intoxicated when she ran a stop sign and crashed her vehicle into another driver's vehicle.

*Background*

{¶2} On November 20, 2018, Huffman was indicted for Aggravated Vehicular Assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree, Vehicular Assault in violation of R.C. 2903.08(A)(2)(b), a felony of the fourth degree, and OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree.

{¶3} Subsequently, Huffman entered into a written negotiated plea agreement wherein she agreed to plead no contest to Aggravated Vehicular Assault as indicted. The written plea agreement also indicated that Huffman would consent

to a finding of guilt with her no contest plea. In exchange for Huffman's no contest plea, the State agreed to dismiss the remaining charges.

{¶4} A change-of-plea hearing was held on July 3, 2019. At the hearing, the plea agreement was presented to the trial court. The trial court conducted a thorough Crim.R. 11 colloquy with Huffman and determined that her no contest plea was knowing, intelligent, and voluntary.[1] Huffman was also informed of the rights she was waving. A recitation of facts was made at the hearing, then based on the indictment and the facts presented the trial court found Huffman guilty. In the trial court's journal entry regarding the plea hearing, the trial court also noted that, "The Defendant stipulated that there were sufficient facts to support a finding of guilt as to Count one of the Indictment." (Doc. No. 36).

{¶5} On September 5, 2019, the matter proceeded to sentencing. The defense argued for the minimum mandatory prison term—twelve months—while the State argued for a mandatory prison term of thirty months out of the maximum possible sixty. After hearing statements from the victim, her daughter, and Huffman, the trial court ultimately sentenced Huffman to serve a mandatory thirty

---

[1] At one point during the change-of-plea hearing, the trial court stopped the colloquy to give Huffman more time to speak with her attorney as she seemed to be making claims that she was not actually intoxicated while driving her vehicle. The trial court made Huffman aware that the charge she was alleged to have committed stated that she caused serious physical harm while driving intoxicated, and that if she was pleading no contest, she was admitting to the truth of the facts in the indictment. After speaking with her attorney, Huffman indicated that she understood and that she still wanted to enter her plea. She made no further claims regarding her intoxication. There were indications that a civil case was also pending against Huffman as a result of the accident.

months in prison. On September 11, 2019, a judgment entry was filed memorializing Huffman's sentence. It is from this judgment that Huffman appeals, asserting the following assignment of error for our review.

**Assignment of Error No. 1**
**The Trial Court [erred] in making a finding of guilty for a no contest plea for the offense of Aggravated Vehicular Assault when the statement of facts presented by the State did not demonstrate the vehicle in question was operated under the influence of alcohol.**

{¶6} In her assignment of error, Huffman argues that the trial court erred by finding her guilty of Aggravated Vehicular Assault because she claims the statement of facts presented by the State at the plea hearing was insufficient to find that she was intoxicated.

Relevant Authority

{¶7} While a plea of guilty is a complete admission of a defendant's guilt, a plea of no contest "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission [cannot] be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2); *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 423 (1996).

{¶8} Importantly, the requirements regarding no contest pleas in felony cases are different from those in misdemeanor cases. *State v. Wilson*, 11th Dist. Lake No. 2016-L-039, 2018-Ohio-902, ¶ 46, *appeal not allowed*, 153 Ohio St.3d

1433, 2018-Ohio-2639. Pursuant to R.C. 2937.07, a trial court is required to obtain an explanation of circumstances before accepting a no contest plea to a *misdemeanor*. *Wilson* at ¶ 46. Conversely, Crim.R. 11 does not require an explanation of circumstances before accepting a no contest plea to a felony. *Id.* citing *State v. Williams*, 8th Dist. Cuyahoga No. 103762, 2016-Ohio-7777, ¶ 5, citing *State v. Magnone*, 2d Dist. Clark No. 2015-CA-94, 2016-Ohio-7100, ¶ 45.

{¶9} The Supreme Court of Ohio has held that, "where the indictment * * * contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court *must* find the defendant guilty of the charged offense." (Emphasis added). *State v. Bird*, 81 Ohio St.3d 582, 584 (1998). Nevertheless, although an explanation of circumstances is not required in felony cases, the trial court can ask for an explanation of circumstances before accepting a no contest plea to a felony.[2] *Wilson* at ¶ 46. In the event that the trial court asks for an explanation of circumstances and that explanation absolutely negates the existence of an element of the offense, the trial court errs in finding the defendant guilty pursuant to the no contest plea. *Williams, supra*; *see also State v. Mullen*, 3d Dist. Henry No. 7-10-08, 2011-Ohio-37, ¶ 19.

---

[2] In the event an explanation of circumstances is given, Crim.R. 11(C)(4) provides that the court need not take testimony.

Analysis

**{¶10}** In this case, Huffman was convicted of Aggravated Vehicular Assault

in violation of R.C. 2903.08(A)(1)(a), which reads as follows.

> **(A) No person, while operating or participating in the operation**
> **of a motor vehicle * * *, shall cause serious physical harm to**
> **another person * * * in any of the following ways:**
>
> **(1)(a) As the proximate result of committing a violation of division**
> **(A) of section 4511.19 of the Revised Code or of a substantially**
> **equivalent municipal ordinance[.]**

**{¶11}** The indictment charging Huffman with Aggravated Vehicular Assault

reads:

> **[O]n or about the 22nd day of September, 2018, at Eagle**
> **Township, Hancock County, Ohio Molly J. Huffman did**
> **Unlawfully, while operating or participating in the operation of a**
> **motor vehicle, did** [sic] **cause serious physical harm to B.J.M., as**
> **the proximate result of committing a violation of division (A) of**
> **§4511.19 of the Revised Code or of a substantially equivalent**
> **municipal ordinance in violation of §2903.08(A)(1)(a), (B)(1) of**
> **the Ohio Revised Code.**

(Doc. No. 1).

**{¶12}** The Aggravated Vehicular Assault charge was recited by the trial

court at the change-of-plea hearing just as it was indicted. (July 3, 2019, Tr. at 3-

4). A review of the indictment, which was considered by the trial court in finding

Huffman guilty at the change-of-plea hearing, clearly shows that all of the elements

of Aggravated Vehicular Assault were present. On this basis, without anything

more, the trial court had to find Huffman guilty as charged.[3] *State v. Bird*, 81 Ohio St.3d 582, 584 (1998); *State v. Williams*, 8th Dist. Cuyahoga No. 103762, 2016-Ohio-7777, ¶ 7.

**{¶13}** Nevertheless, although the trial court could have relied solely on the indictment to find Huffman guilty here, the trial court was presented with additional information through the State's narrative of facts. In that narrative, the State indicated that Huffman drove through a stop sign at approximately 47 miles per hour and that she ran into the vehicle of an 81-year old woman. The elderly woman was seriously injured and had to be removed from her vehicle with the "jaws of life." The elderly woman suffered, *inter alia*, a lower back fracture that kept her in a back brace, she suffered bruising to her bowel and bladder that required her to wear a catheter for eight months, a sternal fracture, a hemorrhage of the spleen, and a brain bleed that became a life-threatening situation. The victim nearly died multiple times while in the hospital.

**{¶14}** At the scene of the accident, a responding trooper indicated that he spoke with Huffman's husband, who was a passenger in the vehicle. The husband stated that Huffman was driving and that alcohol was a factor in the crash.

---

[3] The trial court even made Huffman aware of the fact that it had the indictment and would consider it in making its determination whether to convict her before she entered her plea at the change-of-plea hearing. (July 3, 2019, Tr. at 16).

{¶15} An officer who spoke with Huffman detected an odor of an alcoholic beverage emitting from her person, he noted Huffman's eyes were bloodshot and glassy, and that her face was flushed. He also observed that Huffman's speech was slurred and that she had difficulty completing sentences.

{¶16} At the scene of the accident, Huffman admitted that she had consumed two beers and one mixed drink. Huffman told an officer that she consumed the mixed drink approximately twenty minutes prior to the crash. An HGN test was performed on Huffman and six of six clues of impairment were detected. Huffman attempted to perform other field sobriety tests but she had trouble staying in starting position and keeping her balance so the tests were not completed. Huffman refused to submit a urine sample.

{¶17} Following the State's factual recitation, the trial court found Huffman guilty of Aggravated Vehicular Assault, noting that it had considered both the recitation and the indictment. Though, again, the indictment itself was sufficient unless the recitation absolutely negated an element of the offense, Huffman contends that the recitation of facts was not sufficient to find that she was intoxicated and thus a guilty finding for Aggravated Vehicular Assault was unwarranted.

{¶18} However, the narrative established that there was a collision caused by Huffman resulting in serious physical harm. The narrative established that Huffman admitted to having multiple drinks, that an officer noticed six of six clues on the

HGN test, that Huffman's speech was slurred, that she had trouble completing sentences, that her eyes were bloodshot and glassy, and that there was an odor of an alcoholic beverage emitting from her person. These facts were sufficient to find Huffman was under the influence of alcohol and that she was guilty of Aggravated Vehicular Assault as charged. In addition, the narrative does not absolutely negate any elements of the offense present in the indictment.[4]

{¶19} Furthermore, notwithstanding the facts presented in the narrative and the sufficiency of the indictment, Huffman *actually consented to a finding of guilt* in her written plea agreement. The agreement, which was signed by Huffman, her attorney, the prosecutor, and the trial court read, in pertinent part.

> **By pleading No Contest, I am consenting to a finding of guilt to the offense contained in Count One of the Indictment, and I understand that I am admitting to the facts of the offense contained in the Indictment as to Count One, and such admission shall not be [used] against me in any subsequent civil or criminal proceedings, and that I understand the Judge, after accepting my Plea of No Contest, can find me to be guilty of the offense[.]**

(Doc. No. 35). This portion of the agreement was mentioned at the change-of-plea hearing.[5]

---

[4] Huffman seems to suggest in her brief that because committing a misdemeanor was an element of the felony offense, we should apply the rules regarding misdemeanor pleas and require a recitation of facts. We decline to do so, but even if we did, the facts here were sufficient.

[5] There were statements made throughout the change-of-plea hearing and throughout the sentencing hearing that indicated a civil suit was also pending against Huffman in these proceedings and that was one of the reasons Huffman wanted to specifically enter a plea of no contest.

{¶20} On the basis of the record before us, we cannot find that the trial court erred by accepting Huffman's no contest plea and finding her guilty of Aggravated Vehicular Assault as charged. Therefore, her assignment of error is overruled.

*Conclusion*

{¶21} For all of the foregoing reasons, Huffman's assignment of error is overruled and the judgment of the Hancock County Common Pleas Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**