**[Cite as *State v. Singleton*, 2024-Ohio-5033.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Steven Singleton

Appellant

Court of Appeals No. L-23-1242

Trial Court No. CR0202201727

**DECISION AND JUDGMENT**

Decided: October 18, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** Appellant, Steven Singleton, appeals his sentence entered by the Lucas

County Common Pleas Court, following appellant's plea of no contest to an amended

charge of arson, a fourth-degree felony. For the reasons that follow, the trial court's

judgment is affirmed in part, and reversed in part, with the judgment vacated to the extent

that it imposes costs of supervision and confinement.

## Statement of the Case and the Facts

**{¶ 2}** On or about May 5, 2022, appellant was indicted on charges of aggravated arson, with Count 1 charging a violation of R.C. 2902.02(A)(1), a felony of the first degree, and Count 2 charging a violation of R.C. 2902.02(A)(2), a felony of the second degree.

**{¶ 3}** On May 18, 2022, appellant's counsel requested that appellant be assessed for competence to stand trial. On June 28, appellant was found incompetent to stand trial and was placed at Northwest Ohio Psychiatric Hospital for treatment.

**{¶ 4}** On September 27, 2022, a report from Northwest Ohio Psychiatric Hospital was received by the trial court and entered into evidence. On October 12, 2023, the court found appellant competent to stand trial. That same day, appellant was arraigned on the above charges.

**{¶ 5}** On January 3, 2023, defense counsel requested that appellant be assessed for NGRI by the Court Diagnostics and Treatment Center. A competency hearing was scheduled for February 15, 2023. Again, appellant was found incompetent to stand trial.

**{¶ 6}** A third competency hearing was held on August 2, 2023. At that time, a new report from Northwest Ohio Psychiatric Hospital, dated July 20, 2023, was admitted into evidence. Based on that report, appellant was found competent to stand trial.

**{¶ 7}** On October 4, 2023, appellant withdrew his prior plea. Pursuant to a plea agreement between appellant and the State: (1) the State entered a nolle prosequi as to Count 1 and it amended Count 2 of the indictment to reflect a charge of arson in violation

2.

of R.C. 2909.03(A)(1) and (D)(2)(b), a felony of the fourth degree; and (2) appellant pled

no contest to the amended Count 2.

{¶ 8} R.C. 2909.03(A)(1), (D)(1), and (2) provide as follows:

> (A) No person, by means of fire or explosion, shall knowingly do any of the following:
>
> (1) Cause, or create a substantial risk of, physical harm to any property of another without the other person's consent;
>
> …
>
> (D)(1) Whoever violates this section is guilty of arson.
>
> (2) A violation of division (A)(1) or (B)(1) of this section is one of the following:
>
> (a) Except as otherwise provided in division (D)(2)(b) of this section, a misdemeanor of the first degree;
>
> (b) If the value of the property or the amount of the physical harm involved is one thousand dollars or more, a felony of the fourth degree.

{¶ 9} At the plea hearing, the State offered the following statement of facts in

support of the charge:

> [O]n or about April 26, 2022, in Lucas County, Ohio, Steven Singleton, the defendant, did carry a burning paper around a hallway and attempted to ignite a trash can and that caused a substantial risk of physical harm to the apartment building located at 702 North Erie Street in Toledo, Lucas County, Ohio, as well as to the personal property of other people within that apartment building.

{¶ 10} On October 18, 2023, appellant was sentenced to one year of community

control. The trial court's judgment entry included the community control sanction as well

3.

as an order that appellant pay the costs of supervision, confinement, and prosecution, despite failing to address the matter of costs on the record at the sentencing hearing. Appellant's appeal was timely filed.

## Assignments of Error

{¶ 11} On appeal, appellant asserts the following assignments of error:

I.      The court erred to the prejudice of appellant when it accepted appellant's plea of no contest to the offense of arson, when no facts were presented that rose to the level of either "substantial risk" or damages in excess of $1000, pursuant to the statute cited here.

II.     The Court improperly assigned costs of confinement and supervision without substantive regard to appellant's ability to pay.

## Law and Analysis

**The trial court did not err in accepting appellant's no contest plea.**

{¶ 12} In his first assignment of error, appellant challenges the sufficiency of the facts provided by the State in support of his no contest plea. Specifically, appellant asserts that the evidence on the record is insufficient to constitute a substantial risk of harm to property and insufficient to establish that least $1,000 worth of damages.

{¶ 13} "A defendant may plead not guilty, not guilty by reason of insanity, guilty, or, with the consent of the court, no contest." Crim.R. 11(A). A no-contest plea is not an

4.

admission of guilt, "but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). "[I]n a felony case, the state is not required to provide an explanation of circumstances before the court can find the defendant guilty." *State v. Johnson,* 2023-Ohio-2008, ¶ 20 (6th Dist.), citing *State v. Rohda*, 2006-Ohio-6463, ¶ 21 (6th Dist.). In general, "[a]ll that is required is that the indictment, information, or complaint contain allegations sufficient to state a felony offense; if it does, the trial court must find the defendant guilty." *Id.*, citing *State v. Bird*, 81 Ohio St.3d 582, 584 (1998), citing Crim.R. 11(B)(2); and *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425 (1996).

{¶ 14} Although "[a]n indictment that states the charged offense in terms of the statute – without more – is sufficient to convict a defendant following a no-contest plea," *Id.* at ¶ 21, citing *State v. Magnone*, 2016-Ohio-7100, ¶ 48, 53 (2d Dist.), "[t]he exception to this rule is when the state provides an explanation of circumstances that 'absolutely negates' an element of the charged offense." *Id.*, citing *State v. Huffman*, 2020-Ohio-1062, ¶ 9; *Rohda* at ¶ 21. "In that case, the trial court cannot find the defendant guilty." *Id.*

{¶ 15} Here, the plea agreement reveals simply that appellant pleaded no contest to the "lesser included" offense of "Arson[,] R.C. 2909.03(A)(1) & (D)[(2)](b)[,] F-4."[1]

---

[1] Both the no contest plea document and the trial court's judgment entry erroneously state that appellant pleaded no contest to R.C. 2909.03(A)(1) and (D)(1)(b), a felony of the fourth degree. As there is no (D)(1)(b), only (D)(2)(b), we conclude that this is merely a typographical error.

5.

The only factual allegations were those provided by the State in open court. Although there was little factual support for the elements of "substantial risk" and damages in excess of $1,000, nothing in the prosecutor's explanation of circumstances absolutely negated any element of the charged offense.

{¶ 16} In reviewing appellant's claim, we note that a defendant waives any objection to an amendment where, as here, it is the result of plea negotiations relating to a no-contest plea. *See State v. Mosely*, 2003-Ohio-2398, ¶ 4 (2d Dist.); *see also State v. Rohrbaugh*, 2010-Ohio-3286, ¶ 10 (defendant's objection to an amendment waived where he negotiated for the amended indictment and agreed to plead guilty to the amended charge).

{¶ 17} Similarly, because appellant failed to object to the sufficiency of the allegations in support of the amended indictment, he has waived all but plain error. *See State v. Magnone*, 2016-Ohio-7100, ¶ 51 (2d Dist.) (where defendant failed to object to the State's bill of particulars as required by Crim.R. 12(C)(2), he was found to have waived all but plain error with respect to the adequacy of the bill of particulars). "'Plain error is present only if the error is obvious and, but for the error, the outcome of the proceedings clearly would have been different.'" *Id.*, quoting *State v. Turner*, 2011-Ohio-5908, ¶ 34 (11th Dist.), citing *State v. Yarbrough*, 2002-Ohio-2126, ¶ 108.

{¶ 18} In this case, we do not find that the State's failure to specify that the value of the property involved was one thousand dollars or more would have changed the outcome of the proceedings, i.e., that appellant would not have pled no contest to the

6.

felony arson charge. As indicated above, the negotiated plea involved a reduction of charges from two aggravated arson charges -- with one being a felony of the first degree and the other being a felony of the second degree -- to a single charge of arson, as a felony of the fourth degree. Nothing in the record suggests that the State would have been willing to agree to a plea to a lesser charge.

{¶ 19} Even assuming there was error in this case, because a defendant may not take advantage of an error that he himself has invited or induced, appellant cannot now argue that the amendment constituted plain error. *See Rohrbaugh*, 2010-Ohio-3286, ¶ 10 (where defendant negotiated for amended indictment and agreed to plead guilty to amended charge, he was not permitted to argue on appeal that the amendment was plain error).

{¶ 20} As the trial court properly found appellant guilty of the offense of arson pursuant to appellant's negotiated no-contest plea, appellant's first assignment of error is found not well-taken.

**The trial court erred in imposing the costs of supervision and confinement.**

{¶ 21} Appellant argues in his second assignment of error that the trial court erred in imposing costs of confinement and supervision "without substantive regard to appellant's ability to pay."

{¶ 22} Our standard of review on the issue of costs is whether the imposition of costs was contrary to law. *State v. Henderson*, 2023-Ohio-4576, ¶ 9, citing *State v. Velesquez*, 2023-Ohio-1100, ¶ 6 (6th Dist.). (Additional citations omitted.)

7.

{¶ 23} Ohio law is clear that both the costs of supervision and the costs of confinement "'must be conditioned upon appellant's ability to pay.'" *Henderson* at ¶ 12, quoting *State v. Wymer*, 2019-Ohio-1563, ¶ 14 (6th Dist.). (Additional citations omitted.) In the instant case, the parties do not dispute the trial court's failure to address costs at the sentencing hearing. Instead, the trial court imposed costs only in the sentencing entry, which stated that appellant was "found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision [and] confinement."

{¶ 24} "Where courts fail to address discretionary costs at the sentencing hearing, but include imposition of costs within the sentencing entry, we have consistently found the imposition of costs to be contrary to law" and, on that basis, we have "vacated the portion of the judgment imposing discretionary costs." *Id.*, citing *Wymer* at ¶ 14; *State v. Hill*, 2020-Ohio-1237, ¶ 30 (6th Dist.). (Additional citations omitted.)

{¶ 25} In light of the record, and with no dispute regarding the trial court's failure to address discretionary costs at the sentencing hearing, we find the trial court erred in imposing the costs of supervision and confinement in the judgment entry. Accordingly, we find appellant's second assignment of error well-taken and vacate the portion of the judgment that imposes costs of supervision and confinement.

### Conclusion

{¶ 26} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed in part, as to the trial court's acceptance of appellant's no

contest plea, and reversed in part, regarding the imposition of discretionary costs.

Appellant and appellee are to divide the costs of appeal pursuant to App.R. 24.

Judgment affirmed, in part,<br>and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.