[Cite as *State v. Slepsky*, 2026-Ohio-709.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-G-0014 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JASON A. SLEPSKY, | |
| Defendant-Appellant. | Trial Court No. 2023 C 000156 |

## OPINION AND JUDGMENT ENTRY

Decided: March 2, 2026
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Catherine R. Meehan*, Patituce & Associates, L.L.C., 16855 Foltz Industrial Parkway, Suite 1, Strongsville, OH 44149 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Jason A. Slepsky ("Slepsky"), appeals from the judgment of the Geauga County Court of Common Pleas sentencing him to an aggregate mandatory prison term of 48 months as a result of his convictions of aggravated vehicular homicide, a felony of the third degree, and two counts of aggravated vehicular assault, third-degree felonies. Slepsky also appeals the trial court's ruling granting appellee, the State of Ohio's ("State"), motion in limine. For the following reasons, we affirm.

{¶2} Slepsky presents three assignments of error for review. In his first assignment of error, Slepsky asserts that the trial court erred when it granted the State's

motion in limine. Generally, a no contest plea waives appellate review of a ruling on a motion in limine. *State v. Engle*, 1996-Ohio-179, ¶ 16 (Resnick, J., concurring). However, it is apparent from the record that the State and Slepsky intended to preserve this issue on appeal. Moreover, the trial court's decision precluding defense counsel from calling an expert to testify about the absence of marijuana metabolite in Slepsky's blood and any lack of impairment was more akin to a decision on a motion to suppress, insofar as the evidence and testimony would not have become relevant and admissible at trial under the circumstances. Thus, the trial court's decision was final and the issue was preserved for appeal. Upon review of the limited record, this court concludes that the trial court did not err, or otherwise abuse its discretion, when it granted the State's motion in limine.

{¶3}  Next, Slepsky contends that the trial court erred when it accepted his no contest plea where the State's explanation of circumstances was insufficient to support the convictions. We conclude that the indictment, bill of particulars, and the State's recitation of the facts were sufficient to support Slepsky's convictions in this case. Additionally, the State's explanation of circumstances did not negate any element of the offenses.

{¶4}  In his final assignment of error, Slepsky contends that the trial court failed to comply with Crim.R. 11 by failing to advise him of the effect of his no contest plea. The record indicates otherwise. Specifically, the transcript of the hearing in conjunction with the signed, written plea agreement, illustrate that Slepsky was advised of and understood the effect of his plea.

{¶5}  As none of Slepsky's assignments of error are meritorious, the judgment of the Geauga County Court of Common Pleas is affirmed.

Case No. 2025-G-0014

## Substantive and Procedural Facts

{¶6} On December 18, 2023, the Geauga County Grand Jury, in a six-count indictment, charged Slepsky with: aggravated vehicular homicide, a second-degree felony, in violation of R.C. 2903.06(A)(1)(a) ("Count 1"); aggravated vehicular assault, a third-degree felony, in violation of R.C. 2903.08(A)(1)(a) ("Count 2"); aggravated vehicular assault, a third-degree felony, in violation of R.C, 2903.08(A)(1)(a) ("Count 3"); operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a) ("Count 4"); operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(j)(viii) ("Count 5"); and failure to stop at a stop sign, a minor misdemeanor, in violation of R.C. 4511.43(A) ("Count 6").[1]

{¶7} On January 18, 2024, Slepsky pleaded not guilty at arraignment. On April 11, 2024, at Slepsky's request, the trial court modified his bond conditions and removed the requirement that Slepsky wear a Secure Continuous Remote Alcohol Monitor ("SCRAM") ankle bracelet. As a condition of his bond, the trial court ordered Slepsky to submit to random drug screening.

{¶8} On October 23, 2024, the State filed a bill of particulars and filed a motion to amend the indictment. The motion to amend the indictment sought to dismiss Count 4. The trial court granted the State's motion to amend the indictment on October 25, 2024.

{¶9} On October 28, 2024, the State filed a motion in limine seeking to exclude testimony or other evidence regarding: 1) the testing of Slepsky's blood; 2) the effect marijuana metabolite may or may not have on the impairment of an individual; 3) how

---

1. The charges were originally filed in the Chardon Municipal Court on September 26, 2023 and were bound over to the Geauga County Court of Common Pleas on October 11, 2023.

Case No. 2025-G-0014

long a metabolite remains in a person's urine after use; and 4) when Slepsky last used marijuana prior to the incident. Slepsky opposed the motion. On January 21, 2025, the trial court granted the State's motion in limine. Specifically, the trial court stated, "[g]iven the wording of [R.C. 4511.19(A)(1)], taken in conjunction with [this court]'s holding in *State v. Naylor*, 2024-Ohio-1648" the evidence would be excluded. The court below also indicated that the order did not "interfere with Defense counsel's ability to argue against the results of the urine analysis" regarding whether the marijuana metabolite in Slepsky's urine exceeded the statutory limit.

{¶10} On February 2, 2025, Slepsky pleaded no contest to aggravated vehicular homicide, a violation of R.C. 2903.06(A)(2), which the parties described as a lesser included offense to the offense originally charged in the indictment ("Amended Count 1"), a felony of the third degree; aggravated vehicular assault, a third-degree felony ("Count 2"), and aggravated vehicular assault, a third-degree felony ("Count 3"). The State agreed to dismiss Counts 5 and 6 of the indictment.

{¶11} The State offered the following factual basis at the plea hearing:

> We would have shown that on September 26th of 2023, Mr. Slepsky was operating a vehicle. During the operation of that vehicle, he struck the side of an ambulance, flipping it over that caused the death of the patient who was in the back of the ambulance, and also caused serious physical harm to the driver and the EMT who was in the back with the patient.
> An accident reconstruction determined that he was traveling at a speed that would have been consistent with going through the stop sign instead of stopping at it.
>
> And then the Troopers obtained a urine sample from him, sent it out for testing, and it came back with the presence of approximately 52 nanograms per millimeter of marijuana metabolite in his urine at the time of the crash.

Dkt. 195, T.p. Plea Hearing Transcript, p. 16. There was no objection to the factual basis. The trial court ordered a presentence investigation ("PSI").

{¶12} On April 14, 2025, the trial court sentenced Slepsky to a prison term of 48 months on Count 1; a mandatory prison term of 48 months on Count 2; and a mandatory prison term of 36 months on Count 3.The trial court also suspended Slepsky's driver's license for 6 years.[2] The sentences were ordered to be served concurrently to each other. At the sentencing hearing, the State asked for $20,412.46 in restitution to South Central Ambulance District for equipment costs not covered through insurance. Slepsky objected to the specific amount. The trial court did not impose restitution. The State was also granted leave to dismiss the remaining counts of the indictment, Counts 4, 5 and 6, at the sentencing hearing.[3] Slepsky's counsel orally moved for stay of execution of his sentence. While the State did not oppose the stay, the trial court required a written motion to be filed with the notice of appeal.

{¶13} Two days later, on April 16, 2025, Slepsky filed his notice of appeal and the trial court granted the motion to stay Slepsky's sentence pending appeal.

### The Appeal

{¶14} Slepsky raises three assignments of error for review:

"[1.] The trial court erred in granting the State's motion in limine."

"[2.] The trial court erred in finding appellant guilty, after accepting a no contest plea when the facts did not support the conviction."

---

2. The trial court imposed a mandatory Class 2 suspension on Count 1 and mandatory Class 3 suspensions on Counts 3 and 4.
3. Count 4 was previously dismissed on October 25, 2024, when the trial court granted the State's motion for leave to amend the indictment.

Case No. 2025-G-0014

"[3.] The trial court erred in accepting appellant's plea when it failed to comply with Crim.R. 11."

## State's Motion in Limine

{¶15} In his first assignment of error, Slepsky asserts that the trial court erred when it granted the State's motion in limine prohibiting the defense from introducing evidence or testimony regarding the accuracy of the urine results.

{¶16} "[A] motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty . . . to consider the admissibility of the disputed evidence in its actual context." *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986), citing *State v. White*, 6 Ohio App.3d 1, 4 (8th Dist. 1982).

{¶17} The Supreme Court of Ohio in *State v. Grubb* further stated:

> The effect of the granting of a motion in limine in favor of the state in a criminal proceeding is to temporarily prohibit the defendant from making reference to evidence which is the subject of the motion. At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. In the case at bar, appellant failed to make any such proffer and therefore we conclude, consistent with Evid.R. 103, that he waived his right to object to the evidentiary issue on appeal.

Case No. 2025-G-0014

(Citation and footnote omitted.) *Id.* at 203. Therefore, when a motion in limine is granted in favor of the State, a defendant must preserve an objection to a trial court's ruling by proffering the disputed evidence.

{¶18} "The established rule in Ohio is that the grant or denial of a motion in limine is not a ruling on the evidence." *State v. Thompson*, 2005-Ohio-2053, ¶ 26 (3d Dist.), citing *Grubb* at 200-201 (1986). Thus, as the trial court can change its decision at trial, "[f]inality does not attach when [a motion in limine] is granted." *Grubb* at 201-202.

{¶19} In the court below, the State filed a motion in limine seeking to limit the introduction of any evidence or testimony by the defense at trial related to the following: the testing of the Slepsky's blood; the effect of marijuana metabolite including any impairment of an individual as a result of marijuana metabolite; the length of time that marijuana metabolite remains in a person's urine after use; and the last known use of marijuana by Slepsky prior to the underlying incident.

{¶20} According to the State's motion, defense counsel indicated that it planned to call Lindsie Mayfield ("Mayfield"), the lab analyst that had tested Slepsky's blood, to discuss the absence of marijuana metabolite in his blood. Defense counsel wanted to introduce the evidence in an effort to refute or otherwise call into question the accuracy of Deborah Lindstrom's ("Lindstrom") report, which determined that Slepsky's urine contained marijuana metabolite.

{¶21} The trial court, in granting the State's motion, precluded Slepsky from eliciting testimony regarding the levels of marijuana metabolite, or lack thereof, in Slepsky's blood. The court below also excluded any testimony or other evidence regarding any impairment, or lack thereof, as a result of the presence of the marijuana

metabolite. However, the trial court explicitly stated that defense counsel was permitted to cross-examine the State's expert regarding the marijuana metabolite and the veracity of the urine test results.

{¶22} Instead of proceeding to a trial or proffering testimony, Slepsky opted to enter a plea of no contest. "By entering a plea of no contest * * *, the defendant voluntarily waives the right to appeal the ruling on the motion [in limine]." *Engle*, 1996-Ohio-179 at ¶ 16 (Resnick, J., concurring). *See State v. Guth*, 2016-Ohio-8221, ¶ 15 (11th Dist.). However, when a ruling on a motion in limine is the functional equivalent of a suppression ruling, or where the parties intend to preserve the issue for appeal as a basis of a no-contest plea, the plea does not operate as a waiver. *See State v. Walters*, 2023-Ohio-2701, ¶ 25 (2d Dist.), quoting *State v. Napier*, 2017-Ohio-246, ¶ 18-20 (12th Dist.); *see also State v. Johnston*, 2015-Ohio-450, ¶ 23-25 (2d Dist.).

{¶23} Here, the trial court's ruling on the motion in limine was not a preliminary determination regarding the evidence which could be revisited at trial. Instead, the trial court conclusively determined that defense counsel would not be allowed to elicit testimony regarding the absence of marijuana metabolite in Slepsky's blood or whether the marijuana metabolite caused impairment. Further, it is apparent from the record on appeal that the parties intended to preserve this issue for appeal.

{¶24} A trial court's decision to grant or deny a motion in limine is reviewed under an abuse of discretion standard. *State v. Coxwell*, 2012-Ohio-6215 ¶ 19 (11th Dist.), citing *State v. Lemons*, 2010-Ohio-3807, ¶ 37 (11th Dist.). "'[W]hen the trial court determines that certain evidence will be * * * excluded from trial, it is well established that the order or ruling of the court will not be reversed unless there has been a clear and prejudicial

Case No. 2025-G-0014

abuse of discretion.'" *State v. Fast*, 2021-Ohio-2548, ¶ 73 (11th Dist.), quoting *O'Brien v. Angley*, 63 Ohio St.2d 159, 163 (1980). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). Therefore, upon review of an issue which is confided to the discretion of the trial court, the mere fact that a reviewing court would have reached a different result, without more, is not enough, to find error. *Id.*

{¶25} In Slepsky's response in opposition to the State's motion in limine, Slepsky asserted that he intended "to attach the specific urine result . . . as being inaccurate as permitted by Supreme Court [of Ohio] precedent" in *State v. Vega*, 12 Ohio St.3d 185, 465 N.E. 2d 1303 (1984). The trial court, in granting the State's motion in limine, determined that R.C. 4511.19(A)(1)(j)(viii)(II) was a per se violation, which required proof of marijuana metabolite in the blood *or* the urine in excess of a specific concentration.

{¶26} R.C. 4511.19(A)(1)(j)(viii)(II) states:

> (A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
>
> . . .
>
> The person has a concentration of marihuana metabolite in the person's urine of at least thirty-five nanograms of marihuana metabolite per milliliter of the person's urine or has a concentration of marihuana metabolite in the person's whole blood or blood serum or plasma of at least fifty nanograms of marihuana metabolite per milliliter of the person's whole blood or blood serum or plasma.

{¶27} The trial court determined: "[g]iven the use of the word 'or' in the statutory language, the court agrees that the evidence of the testing of Defendant's blood may serve to confuse or mislead the jury and said evidence would not be relevant." Additionally, the charged offense did not require the State to prove any level of impairment. As such, the trial court excluded any testimony or evidence regarding impairment and the duration of the effects of the marijuana metabolite, as well as the length of time between last usage and the accident.

{¶28} Upon review, this court concludes that the trial court did not err or otherwise abuse its discretion when it granted the State's motion in limine. Neither Slepsky nor his counsel proffered the testimony or otherwise provided the court below with any indication of the scope of the witness's testimony and how such testimony was relevant to the charges. It is clear from the record that the State was pursuing a conviction pursuant to R.C. 4511.19(A)(1)(j)(viii)(II), a per se violation, based on the amount of marijuana metabolite in Slepsky's urine. Therefore, any testimony regarding the concentration of marijuana metabolite discovered in Slepsky's blood was inconsequential. Moreover, the trial court's ruling did not prohibit Slepsky from inquiring about the veracity of the results of Slepsky's urine. The State only had to prove the defendant had a proscribed amount of marijuana metabolite in his system. *Naylor*, 2024-Ohio-1648, at ¶ 49 (11th Dist), citing *State v. Whalen*, 2013-Ohio-1861, ¶ 18 (1st Dist.). Thus, any "proposed testimony that [the defendant] was not impaired was irrelevant, and the trial court properly excluded it." *Id.*

{¶29} With the limited facts in the record, we conclude that the trial court did not err or otherwise abuse its discretion when it granted the State's motion in limine. The trial

Case No. 2025-G-0014

court's ruling did not prohibit Slepsky's ability to challenge the accuracy of the urine results; instead, he was prevented from using the separate blood results as a method of discrediting the urine results. The effects of the marijuana metabolite, any impairment or lack thereof, and a concentration of marijuana metabolite in other bodily fluids were not relevant and were appropriately excluded by the trial court.

{¶30} Accordingly, Slepsky's first assignment of error is without merit.

### Sufficiency of Evidence

{¶31} In his second assignment of error, Slepsky argues that the trial court erred in finding him guilty of the offenses where the facts did not support the convictions. Specifically, Slepsky contends that the State failed to provide sufficient facts to support his convictions for aggravated vehicular homicide, pursuant to R.C. 2903.06(A)(2)(a), and two counts of aggravated vehicular assault, pursuant to R.C. 2903.08(A)(1)(a).

{¶32} When a defendant enters a no contest plea to a felony, an explanation of circumstances is not required under Crim.R. 11 before a trial court accepts the plea. *State v. Wilson*, 2018-Ohio-902, ¶ 46 (11th Dist.), citing *State v. Williams,* 2016-Ohio-7777, ¶ 5 (8th Dist.), citing *State v. Magnone*, 2016-Ohio-7100, ¶ 45 (2d Dist.). Generally, "[a]ll that is required is that the indictment, information, or complaint contain allegations sufficient to state a felony offense; if it does, the trial court must find the defendant guilty." *State v. Bird*, 81 Ohio St.3d 582, 584 (1998), citing Crim.R. 11(B)(2); and *State ex rel. Stern v. Mascio*, 1996-Ohio-93, ¶ 7. *See State v. Singleton*, 2024-Ohio-5033, ¶ 13 (6th Dist.). Even though an explanation of circumstances is not required under Crim.R. 11, the trial court may request one prior to accepting a no contest plea to a felony. *Wilson* at ¶ 46*,* citing *Williams* at ¶ 8.

Case No. 2025-G-0014

{¶33} As this court noted in *Wilson*:

> The Supreme Court of Ohio has stated that "where the indictment * * * contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 584, (1998). An exception to this rule provides that when the trial court asks for an explanation of circumstances and that explanation negates the existence of an element of the offense, the trial court errs in finding the defendant guilty. *Williams, supra*.

> Further, "by pleading no contest to the indictment," a defendant "is foreclosed from challenging the factual merits of the underlying charge." *Bird, supra.* The essence of the no contest plea is that the defendant cannot be heard in defense. *Mascio, supra*, at 424, 662 N.E.2d 370. "[T]he defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." *Id.*

*Wilson* at ¶ 47-48. The foregoing case law appears to restrict a defendant's ability to challenge the sufficiency of the facts on a plea when there is no objection and he or she proceeds forward with a plea to the charges.

{¶34} We note at the outset, that Slepsky did not object to the sufficiency of the indictment, the bill of particulars, or to the State's explanation of circumstances at the time of his plea, therefore he has waived all but plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). However, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

Case No. 2025-G-0014

{¶35}  The Supreme Court of Ohio set forth limitations on what constitutes plain error. "First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain, i.e., the error must be an 'obvious' defect in the proceedings. Third, the error must have affected 'substantial rights.' This means that the trial court's error must have affected the outcome of the trial or prejudiced the defendant." *State v. Dundics*, 2016-Ohio-1368, ¶ 19 (11th Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "The test for prejudice in the context of a guilty or no contest plea is 'whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Griggs* 2004-Ohio-4415, ¶12, citing *State v. Nero,* 56 Ohio St.3d 106, 107 (1990).

{¶36}  We find no plain error in this case. In the case sub judice, Slepsky was initially charged with aggravated vehicular homicide pursuant to R.C. 2903.06(A)(1) which provides that "[n]o person, while operating . . . a motor vehicle . . . shall cause the death of another . . . as the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code . . . ." Slepsky was also charged and convicted of the two remaining aggravated vehicular assault, Counts 2 and 3, pursuant to R.C. 2903.08(A)(1)(a) which provides in relevant part:

> No person, while operating or participating in the operation of a motor vehicle . . . shall cause serious physical harm to another person or another's unborn in any of the following ways:
>
> (1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance.

{¶37}  The indictment provided that the grand jurors found, in relevant part that:

> [O]n or about the 26th day of September 2023, in Geauga County, Ohio, Jason A. Slepsky . . . while operating or participating in the operation of a motor vehicle, did cause the

Case No. 2025-G-0014

death of another as the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance, contrary to and in violation of R.C. 2903.06(A)(1)(a), Aggravated Vehicular Homicide, a felony of the second degree.

{¶38} In regards to the aggravated vehicular assault charges in Counts 2 and 3, the indictment specifically provided:

The Grand Jurors further find and present that JASON A. SLEPSKY on or about September 26, 2023 in Geauga County, Ohio, while operating or participating in the operation of a motor vehicle, did cause serious physical harm to another person *as the proximate result* of committing a violation of division (A)(1)(a) and/or (A)(1)(j)(viii)(II) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance, contrary to and in violation of R.C. 2903.08(A)(1)(a), Aggravated Vehicular Assault, a felony of the third degree.

The Grand Jurors further find and present that JASON A. SLEPSKY on or about September 26, 2023 in Geauga County, Ohio, while operating or participating in the operation of a motor vehicle, did cause serious physical harm to another person as the proximate result of committing a violation of division (A)(1)(a) and/or (A)(1)(j)(viii)(II) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance, contrary to and in violation of R.C. 2903.08(A)(1)(a), Aggravated Vehicular Assault, a felony of the third degree.

(Emphasis added).

{¶39} Additionally, upon Slepsky's request, the State filed a bill of particulars which provided the following explanation of the aggravated vehicular homicide as initially charged:

It is alleged that on or about September 26, 2025, in Geauga County, Ohio, the Defendant was driving east in a vehicle on Chardon Windsor Road. As he approached the intersection with State Route 528, he failed to stop at the stop sign and drove into the side of an ambulance that was traveling south

on Route 528 and which had the right of way. The crash caused by the Defendant resulted in the death of the patient in the back of the ambulance, W.M. At the time of the crash, the Defendant had 52.39 ng/ml of 11-nor-9-Carboxy-Tetrahydrocannabinol (a THC metabolite) in his urine, in violation of R.C.4511.19(A)(1)(j)(viii)(II). This conduct constitutes a violation of R.C. § 2903.06(A)(1)(a), Aggravated Vehicular Homicide, a felony of the second degree.

{¶40} In regards to the aggravated vehicular assault charges, the bill of particulars further provided:

It is alleged that on or about September 26, 2025, in Geauga County, Ohio, the Defendant was driving east in a vehicle on Chardon Windsor Road. As he approached the intersection with State Route 528, he failed to stop at the stop sign and drove into the side of an ambulance that was traveling south on Route 528 and which had the right of way. The crash caused by the Defendant resulted in the significant injury of the driver of the ambulance, T.K. At the time of the crash, the Defendant had 52.39 ng/ml of 11-nor-9-Carboxy-Tetrahydrocannabinol (a THC metabolite) in his urine, in violation of R.C.4511.19(A)(1)(j)(viii)(II). This conduct constitutes a violation of R.C. § 2903.08(A)(1)(a), Aggravated Vehicular Assault a felony of the third degree.

{¶41} As to the second count of aggravated vehicular assault, charged in Count 3 of the indictment, the bill of particulars contained the identical language as above, with the exception that Count 3 related to the significant injury to J.S., the EMT in the back of the ambulance.

{¶42} The indictment in conjunction with the bill of particulars is sufficient to support the charges contained in the indictment. These facts were reiterated by the State in its explanation of circumstances or factual basis for the offenses at Slepsky's plea hearing.

*Aggravated Vehicular Homicide—R.C. 2903.06(A)(2)(a).*

{¶43} Slepsky asserts that because he entered a plea of no contest to "a lesser included offense" of aggravated vehicular homicide, the explanation of circumstances provided by the State was insufficient. It appears from the record, as part of the plea negotiations, Slepsky agreed to enter a no contest plea to the "lesser included offense," also aggravated vehicular homicide, pursuant to R.C. 2903.06(A)(2)(a).

{¶44} R.C. 2903.06(A)(2)(a) provides that "[n]o person, while operating or participating in the operation of a motor vehicle . . . shall cause the death of another . . . in any of the following ways: . . . [r]ecklessly." Slepsky contends that the recitation of the facts did not support a conclusion that Slepsky caused the death of another recklessly. We disagree.

{¶45} The State's explanation of circumstances did not negate any element of the offense. Slepsky entered a plea of no contest to an offense of a lesser degree as negotiated with the State. "[A] defendant waives any objection to an amendment where, as here, it is the result of plea negotiations relating to a no-contest plea." *Singleton*, 2024-Ohio-5033, at ¶ 16 (6th Dist.), citing *State v. Mosely*, 2003-Ohio-2398, ¶ 4 (2d Dist.); *see State v. Rohrbaugh,* 2010-Ohio-3286, ¶ 10 (defendant's objection to an amendment is waived where he negotiated for the amended indictment and agreed to plead guilty to the amended charge).

{¶46} The failure of the State to explicitly label Slepsky's actions, i.e., running a stop sign and operating a vehicle under the influence, as reckless actions, would not have changed the outcome of the proceedings. In other words, there is nothing in the record to support that Slepsky would not have otherwise chosen to plead no contest to the charges

had the State included the language that his actions were reckless. Therefore, we find no plain error. *See Singleton* at ¶ 19.

*Aggravated Vehicular Assault—R.C. 2903.08(A)(1)(a)*

{¶47} In addition, Slepsky argues that the State failed to prove that the accident was a proximate result of operating a vehicle with a prohibited concentration of marijuana metabolite in his system. Slepsky relied upon *State v. Balmert*, 2024-Ohio-1207 (9th Dist.), which presented a similar proposition of law.

{¶48} At the time of briefing and oral arguments, *Balmert* remained pending before the Supreme Court of Ohio. However, shortly after oral arguments were held in this case, the Court decided *Balmert*. *State v. Balmert*, 2025-Ohio-5588.

{¶49} In *Balmert*, the defendant argued that a conviction for aggravated vehicular assault under R.C. 2903.08(A)(1)(a) requires a showing that the harm was proximately caused by a predicate offense as a separate and distinct element. *Id.* at ¶ 17. While the Supreme Court of Ohio agreed, it affirmed Balmert's conviction based on the evidence that was presented at the bench trial. *Id.* at ¶ 1. At Balmert's trial, the State presented testimony "that marijuana depresses a user's reflexes and slows reaction time, which can impair the user's ability to drive, especially in a situation calling for greater attentiveness" and "that marijuana use affects a user's depth and space perception as well as the user's ability to concentrate." *Id.* at ¶ 16. Testimony was also presented that officers suspected that Balmert was under the influence of marijuana based on the field sobriety tests administered at the scene. *Id.* The Supreme Court of Ohio concluded: "when viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could

Case No. 2025-G-0014

have found that Balmert striking C.G. with his car was a foreseeable consequence of—and therefore was proximately caused by—his marijuana (or hemp) use." *Id.* at ¶ 17.

{¶50} The Supreme Court of Ohio further explained:

> Our conclusion is not meant to construe aggravated vehicular assault as a strict-liability offense once it has been established that the defendant had a concentration of marijuana metabolites in his or her urine that exceeds the amount proscribed in R.C. 4511.19(A)(1)(j)(viii)(II). Nor does our conclusion foreclose the possibility that a defendant driving with a prohibited concentration of marijuana metabolites in violation of R.C. 4511.19(A)(1)(j)(viii)(II) could cause serious physical harm to another person in a way that is entirely unforeseeable, thus breaking the chain of proximate causation required for a conviction for aggravated vehicular assault under R.C. 2903.08(A)(1)(a). However, that is not the case here. Based on the testimony provided about the effects of marijuana use on one's ability to drive, the officers' observations of Balmert at the scene, and the circumstances of the accident, proximate causation was well within the boundaries of what a reasonable trier of fact could have found when viewing the evidence in the light most favorable to the prosecution.

*Id.* at ¶ 18.

{¶51} *Balmert* is factually distinguishable from the instant case where through plea negotiations, a defendant entered a no contest plea to the offenses. The indictment in this case specifically provided that Slepsky caused "serious physical harm to another person as the proximate result of committing a violation of division (A)(1)(a) and/or (A)(1)(j)(viii)(II) of section 4511.19 of the Revised Code." The indictment in conjunction with the information provided by the State in the bill of particulars is sufficient to support the charges contained in the indictment. Therefore, we find no plain error. *See Singleton* at ¶ 19.

{¶52} Accordingly, Slepsky's second assignment of error is without merit.

Case No. 2025-G-0014

**Compliance with Crim.R. 11**

{¶53} In his third assignment of error, Slepsky asserts that the trial court failed to comply with Crim.R.11(B) and (C)(2)(b) when it failed to explain the effect of the no contest plea. We disagree.

{¶54} This court reviews whether the trial court accepted a plea in compliance with Crim.R. 11 de novo. *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.); *State v. Dundics*, 2016-Ohio-1368, ¶ 10 (11th Dist.). When reviewing a plea colloquy, "the focus is not 'on whether the trial judge has "[incanted] the precise verbiage" of the rule, *State v. Stewart*, 51 Ohio St.2d 86, 92 . . . (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea.' *State v. Dangler*, 2020-Ohio-2765, ¶ 12." *State v. Sanchez*, 2024-Ohio-5868, ¶ 20 (11th Dist.).

{¶55} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13, citing *State v. Perry*, 2004-Ohio-297, ¶ 14-15; *Stewart* at 93; Crim.R. 52.

{¶56} There are limited exceptions to the prejudice component. We presume a plea was entered involuntarily and unknowingly when a trial court fails to explain the constitutional rights a defendant waives by pleading guilty or no contest as set forth in Crim.R. 11(C)(2)(c); thus, no showing of prejudice is required. *Dangler* at ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31; *State v. Veney*, 2008-Ohio-5200, syllabus.

{¶57} Additionally, a defendant's burden to show prejudice is also eliminated if there is a complete failure to comply with a portion of Crim.R. 11. *Dangler* at ¶ 15, citing

Case No. 2025-G-0014

*State v. Sarkozy*, 2008-Ohio-509, ¶ 22. *See Sanchez*, 2024-Ohio-5868 at ¶ 20 (11th Dist.). "A 'complete failure to comply' with a non-constitutional requirement of Crim.R. 11 occurs when the court makes 'no mention' of the requirement." *Sanchez* at ¶ 22, citing *Dangler* at ¶ 15.

{¶58} "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16. When analyzing these cases, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

{¶59} Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against

Case No. 2025-G-0014

him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶60} Slepsky contends that the trial court failed to inform him of the effect of his plea. Specifically, that the trial court failed to advise him that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B).

{¶61} Upon review of the transcript of the plea hearing, the trial court did not orally explain the effect of Slepsky's no contest plea. However, the trial court explicitly asked if Slepsky read the written plea agreement, to which Slepsky stated that he had read the agreement and understood it. The written plea agreement contained the following language:

> By pleading "No Contest" I am admitting the truth of the facts alleged in the indictment and understand the Court can find me guilty of the charges. I understand my plea of "No Contest" cannot be used against me in any subsequent civil or criminal proceeding.

{¶62} Therefore, while the trial court did not orally repeat the language in the written plea regarding the effect of Slepsky's plea, the language was contained in the written plea agreement which Slepsky signed and acknowledged. Thus, the trial court did not completely fail to comply with the Crim.R. 11(C)(2) provision.

{¶63} Slepsky fails to demonstrate any resulting prejudice from the trial court's lack of an oral recitation of the language contained in the written plea agreement. *See State v. McKenzie*, 2023-Ohio-1178, ¶ 11 (3d Dist.). From a review of the record, including

Case No. 2025-G-0014

the written plea agreement, the totality of the circumstances indicate that Slepsky understood the effect of his no contest plea.

{¶64} As such, Slepsky's third assignment of error is without merit.

## Conclusion

{¶65} None of Slepsky's assignments of error are meritorious. Accordingly, for the reasons set forth above, we affirm the judgment of the Geauga County Court of Common Pleas.


JOHN J. EKLUND, J., concurs,

SCOTT LYNCH, J., concurs in judgment only.

Case No. 2025-G-0014

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs in judgment only

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-G-0014